[No. 21037. Department One. April 14, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. DARIUS
PRINGLE, *Appellant.*[1]

[1] ESCAPE (1)—CONCEALING OR HARBORING ESCAPED PRISONER—ELE-
MENTS OF OFFENSE—EVIDENCE. A conviction of "concealing or
harboring for the purpose of concealing" an escaped prisoner,
made a felony by Rem. Comp. Stat., § 2346, is not sustained
where there was no proof of concealment, which is the gist of
the offense; and it appearing that the prisoner went about
openly and making no attempt to conceal himself, it is error to
instruct that harboring for the purpose of concealment is enter-
tainment, protection or shelter for any unlawful purpose, in
that it omits the element of concealment.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered October 5, 1927,
upon a trial and conviction of concealing an escaped
prisoner. Reversed.

*Joseph H. Smith,* for appellant.
*Charles R. Denney,* for respondent.

FRENCH, J.—The defendant was charged by an in-
formation with the crime of concealing an escaped
prisoner, the charging part of the information being
as follows:

"He, the said Darius Pringle, in the county of Sno-
homish, state of Washington, during the period begin-
ning about the 30th day of April, 1927, and ending the
31st day of July, 1927, did wilfully, unlawfully and
feloniously conceal and harbor for the purpose of con-
cealment one Edward Sickles, a prisoner who had
escaped from custody in the county jail of Snohomish
county, Washington, and who had been convicted and
sentenced for the crime of murder in the first degree."

[1]Reported in 266 Pac. 196.

From a judgment of conviction, the defendant appeals.

The facts in this case, as revealed by the record, are as follows: One Edward Sickles, whom appellant is charged with concealing, had been tried and convicted of first degree murder, and was under sentence of death. He later escaped from the county jail in Snohomish county, was at large for a period of approximately four months, when he was killed by the officers who were attempting to capture him. The record shows that, during these four months, he lived in Snohomish county; that he had in his possession a high-powered Kissel automobile, drove into the city of Everett frequently, patronized stores, barber shops, and other business houses; that he rode on public stages; that he frequently called on one of the witnesses for the state, meeting her in Everett, and in company with her frequently drove over the public highways of Snohomish county; that he drove to the city of Auburn, visited friends at Camp Lewis, and mingled with the soldiers and military police; and that all these trips were taken openly, with no apparent purpose or intention of in any manner hiding or concealing himself. Appellant's parents lived near Lake Stevens in Snohomish county. Residing with them at the time alleged in the information were appellant and two other grown people and about seven children. On some ten or twelve occasions, Sickles came to this house where appellant resided with his parents, staying for a short time, and on a few occasions appellant got into the Kissel car and drove around with Sickles for periods ranging from an hour to about a day. On some of the occasions when Sickles came to the Pringle home, appellant was not there. On one occasion when Sickles visited appellant's home, appellant said to some of the children there present, "Mum is the word.

If I catch any of you guys squealing, I will knock your block off.''

This prosecution was brought under Rem. Comp. Stat., § 2346 [P. C. § 8821], which reads as follows:

''Every person who shall conceal, or harbor for the purpose of concealment, a prisoner who has escaped or is escaping from custody, shall be guilty of a felony if the prisoner is held upon a charge or conviction or sentence of felony, and of a misdemeanor if the prisoner is held upon a charge or conviction of a gross misdemeanor or misdemeanor.''

[1] In a prosecution brought under this statute, the gist of the offense is concealment. The prohibited offense is to hide or secrete the prisoner who has escaped, or is escaping, from custody so that he may not be apprehended by the proper authorities. We think the language of the statute is incapable of any other interpretation, and this view is emphasized by reason of the provisions of Rem. Comp. Stat., § 2261 [P. C. § 8696], covering the question of aiding, assisting, harboring, or in any way other than by concealment, helping such escaped prisoner, which section reads as follows:

''Every person not standing in the relation of husband or wife, brother or sister, parent or grandparent, child or grandchild, to the offender, who after the commission of a felony shall harbor, conceal, or aid such offender with intent that he may avoid or escape from arrest, trial, conviction or punishment, having knowledge that such offender has committed a felony or is liable to arrest, is an accessory to the felony.''

A careful reading of all of the testimony in this case conclusively and affirmatively shows that there was no concealment of Sickles either by himself, by this defendant, or by any other person. Indeed, the trial court seems to have been impressed with this view of the matter, because, after all of the state's witnesses

had testified and just as the state was closing its case, in an argument between court and counsel, the court said:.

"The more I hear about Sickles the more I am dumfounded at the audacity of the fellow, that he, with the date set for his execution, seemed to care no more about making himself known than an ordinary citizen would. So it seems to me he was not trying to conceal himself from anybody. He was bringing ladies home here in Everett and going wherever he pleased, going down among people who knew him at Camp Lewis without any attempt to conceal himself. Neither he nor anyone else seemed to me trying to conceal him. Now the question is whether or not the evidence shows that the defendant harbored him. He did not attempt to conceal him, under any evidence that I know of."

The lower court charged the jury that,

"Harboring for the purpose of concealment, or concealment, consists, for the purpose of this case, *in any entertainment, protection or shelter for an unlawful purpose;* receiving and entertaining a person clandestinely for the purpose of concealment."

To furnish shelter, lodging and entertainment having knowledge of all the facts, seems, under the cases, to constitute harboring; *Driskill v. Parrish,* Fed. Cas. No. 4,089; *United States v. Grant,* 55 Fed. 414; *Jones v. Van Zandt,* 46 U. S. 215, 12 Law Ed. 122; Words & Phrases (2d series), vol. 2, p. 820; but harboring is not enough,—there must be either concealment or the purpose to conceal.

The vice of the above italicized portion of the instruction is that it omits the element of concealment or purpose of concealment. It seems to us that, if this act is to be given fair construction, a violation thereof must show that the person charged has done some affirmative act towards hiding or keeping the person he is charged with concealing from the public view.

There is no proof offered, nor is there a suggestion in the record, that this defendant attempted in any way to hide or secrete Sickles. On the contrary the proof affirmatively shows that, during the time they were together, they drove openly over the public highways, visited numerous people, and there seems to have been no attempt at secrecy on the part of Sickles, and nothing done by this defendant for that purpose. We think the evidence introduced on behalf of the state affirmatively shows that there was no violation of Rem. Comp. Stat., § 2346, *supra,* and it is admitted that the prosecution was brought for a violation of this section.

Reversed, with instructions to dismiss.

MITCHELL and PARKER, JJ., concur.