**UNITED STATES of America,**
v.
**Melvin L. THORNTON, Defendant.**
**Cr. No. 45771.**

United States District Court
E. D. New York.
Sept. 28, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. of New York, Brooklyn, N. Y., for United States of America. Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Florence M. Kelley, New York City, for defendant. Maurice Brill, New York City, of counsel.

**BRUCHHAUSEN, Chief Judge.**

The defendant moves to dismiss both counts of the indictment upon the ground "that the allegations stated in the indictment, as supplemented by the Government's bill of particulars do not constitute a violation of either Title 18 U.S.C. Section 1071 (harboring and concealing person from arrest) or Title 18 U.S.C. Section 4 (misprision of a felony)."

As to the legal sufficiency of Count 1, the charge that defendant harbored and concealed one David Lynn Thurston from arrest.

In Count 1, as supplemented by the bill of particulars, in substance it is alleged, as follows:

1. That on or about January 6, 1959, the defendant had notice and knowledge that a federal warrant had been issued for the apprehension of David Lynn Thurston.

2. That defendant entered a hotel in Denver, Colorado, with the intention of registering for a room for himself and Thurston, and upon discovering that a notice that Thurston was wanted by the Federal Bureau of Investigation was in the lobby of said hotel, did decide not to obtain a room in said hotel.

3. That defendant travelled from Denver, Colorado to Brooklyn, New York, with Thurston.

4. That defendant registered in a hotel and arranged the rental of a room shared by him and Thurston in Brooklyn.

 In the case of United States v. Shapiro, 2 Cir., 113 F.2d 891, the Court construed the words of the statute, 18 U.S.C. § 1071 as follows:

Conceal - to hide, secrete or keep out of sight.

Harbor - to lodge, to care for after secreting the offender.

 It is plain that the result of the rental of the hotel room was the keeping of Thurston out of sight. If Thurston had taken the room for his own account and thus removed himself from the sight of and contact with other persons, there would then be no involvement of the defendant. However, when the defendant, Thornton, took active steps to rent the room and share it with Thurston, he thereby became a party to the secretion of Thurston.

As to the legal sufficiency of Count 2, the charge of misprision of a felony, i. e., knowledge of the commission of a felony by Thurston.

 The gist of the charge is that between January 9, 1959 and February 6, 1959, in this district, the defendant having knowledge of Thurston's unlawful flight from Oregon to this district to avoid confinement after conviction of a felony, concealed and did not make known such information to a judge or other authority.

For the purposes of this motion it is not disputed that the defendant had such knowledge.

In addition to establishing knowledge on the part of the defendant, there are several additional requirements, viz.:

1. That the defendant concealed such information.

2. That the defendant did not, as soon as possible, make the information known to some judge or other person in civil or military authority under the United States.

The defendant, in his brief, stresses his claim that the indictment and bill of particulars contain no allegation of an affirmative act of concealment, such as the suppression of evidence, the harboring of the criminal, the intimidation of witnesses or other positive act of concealment by the defendant from the authorities of information of the commission of the crime.

As mentioned, previously, the defendant did conceal and harbor Thurston. Furthermore, as alleged in the bill of

**44**

particulars, he concealed the identity of Thurston from the landlord of the hotel by registering and introducing him under a fictitious name. Thus the defendant concealed the information from the landlord.

Whether or not the Government knew that Thurston had been convicted of assault and armed robbery or of the subsequent felony of unlawful flight, after such conviction is of no consequence. The pertinent matter is whether the defendant made the information known to a judge or other authority. This is adequately covered by the allegation in the bill of particulars that the defendant failed to reveal the flight of Thurston in interstate commerce to avoid confinement after conviction to any person in civil or military authority under the United States.

The motion is in all respects denied.