Frank BYRD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16745.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 7, 1962.

Decided Dec. 20, 1962.

Petition for Rehearing En Banc Denied
En Banc Feb. 7, 1963.

Mr. Julian H. Singman, Washington, D. C. (appointed by this court), for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Daniel A. Rezneck, Asst. U. S. Atty., and Mr. Nathan J. Paulson, Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

Before WILBUR K. MILLER, WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant, indicted for murder in the second degree, was convicted of man-

slaughter. He alleges error on the part of the court below in denying his motion for a continuance of his trial, in failing to direct a judgment of acquittal, and in failing properly to charge the jury with respect to his relationship with the premises in which the crime was committed.

■ The motion for continuance was based on the alleged absence of, and therefore inability to interview, a witness. The basis for this motion is indeed obscure, for it appears that the witness in question was sitting in the courtroom at the time the motion was made. During the trial she testified fully, both for the prosecution and for the defense.

■ The motion for judgment of acquittal is predicated on the allegation that appellant, in killing the victim, was protecting a woman in appellant's home from assault and rape. The controverted facts, however, presented a jury issue as to whether the victim was merely attempting to awaken the woman from sleep or to rape her at the time he was killed.

■ Finally, the attack on the court's charge also is without merit. The facts showing appellant's relationship to the apartment in which the crime was committed were not such as to require a single inference. Thus the court was justified in presenting this issue to the jury. Moreover, the word "home," as used in connection with the legal principle that a man has a right to repel an intruder, particularly one bent on violence, is not a term of art, but a simple one of common understanding which, in the circumstances of this case, need not have been defined by the court in its charge.

In spite of diligent effort on the part of court appointed counsel in behalf of appellant, we find no error requiring the reversal of his conviction.

Affirmed.