**UNITED STATES of America,**
**Plaintiff,**

v.

**Edith Grace BIAMI, Defendant.**

**No. 65-CR-5.**

United States District Court
E. D. Wisconsin.

Aug. 6, 1965.

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Darryl K. Nevers, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The defendant has moved to dismiss the indictment on the ground that the allegations in the indictment, as supplemented by a bill of particulars, do not constitute a violation of Title 18 U.S.C.A. § 1071, which prohibits harboring or concealing "any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, * * *."

The indictment, as supplemented by the bill of particulars, alleges that the defendant had knowledge that a federal warrant of arrest had been issued for the apprehension of Clarence Perkins, Jr., and that when federal and Milwaukee law enforcement officials came to the defendant's apartment, identified themselves, and announced they had a warrant for the arrest of Perkins, the defendant "did refuse to admit said police officials on at least two occasions during the early morning hours of July 30, 1964."

 The word "conceal" as used in 18 U.S.C.A. § 1071, is defined: "to hide, secrete or keep out of sight." The word "harbor," in the same statute, is defined: "to lodge, to care for after secreting the offender." United States v. Thornton, 178 F.Supp. 42, 43 (E.D.N.Y.1959).

The defendant argues that the law enforcement officials knew where Perkins was and, consequently, the defendant could not have concealed or harbored Perkins from them. The record is not clear in this respect. It is no doubt likely that the enforcement officers at least suspected he was at this place.

But, as the Government points out, the statute is directed at the conduct of the defendant. The refusal to admit the officials was an active measure taken by the defendant to prevent the discovery and arrest of Perkins. If the Government officials knew where Perkins was, this would not alter the nature of the defendant's conduct.

The motion to dismiss the indictment must be and it is hereby denied.