**Sylvia May STAMPS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18727.**

United States Court of Appeals
Eighth Circuit.

Dec. 28, 1967.

Robert E. Konchar, of Moyer & Bergman, Cedar Rapids, Iowa, for appellant and filed brief.

Steve Turner, Asst. U. S. Atty., for the Northern District of Iowa, Sioux City, Iowa, for appellee; Donald E. O'Brien, U. S. Atty., was on the brief.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

Sylvia May Stamps was convicted upon trial to a jury for violation of 18 U.S.C. § 1071 under an indictment which charged that on June 14, 1966, with knowledge that a federal warrant had been issued for Kenneth Ward Winston,

she willfully and knowingly concealed the said Winston to prevent his discovery and arrest. The warrant for Winston's arrest charged a felony and defendant was sentenced to two years imprisonment, but the execution of the sentence was suspended and she was placed on probation.

It is contended that the trial court erred in denying defendant's motion for continuance, compelling her to proceed to trial within five and one-half days after arraignment in deprivation of her constitutional right to assistance of effective counsel. We have carefully examined the original records including the transcript of the testimony and conclude that the District Judge, The Honorable Edward J. McManus, properly denied defendant's motion for continuance made upon the eve of trial and for new trial based thereon. We affirm the judgment of conviction.

The case is a simple one and only a brief recitation of the facts, most of which are undisputed, will suffice. On June 14, 1966 a deputy United States marshal accompanied by a local officer sought to serve a felony warrant on Winston in Cedar Rapids, Iowa. After several hours of fruitless search for Winston, they recognized his automobile parked in front of an apartment house where defendant resided. The officers were apprised of the association between defendant and Winston and proceeded to defendant's apartment and rapped on the door. When she answered, the officers identified themselves and advised her that they had a warrant of arrest for Winston which they desired to serve. Defendant refused to open the door and told the officers that Winston was not there. After ascertaining that there was no rear exit in the apartment building, the officers went back to their unmarked car from which they could watch the front entrance. When the officers left the building, defendant took Winston across the hall and obtained permission from a neighbor for Winston to stay in the neighbor's apartment for a while. Defendant then left the building, and the two officers accosted her. The marshal,

with his identification and the warrant in his hand, again advised defendant of the warrant for Winston's arrest and attempted to show his identification. She backed away from him, refusing to look at the identification or the warrant, and proceeded to Winston's car and drove away. It was late in the afternoon and she drove to a restaurant where she had planned to eat with Winston and a man named Neibuhr. At the restaurant she conversed with Mary Lou Farnsworth, a friend who was a barmaid there. Farnsworth gave defendant a drink because she was distraught or excited over Winston's trouble. The defendant made a telephone call or two from the restaurant and then borrowed Neibuhr's Cadillac and drove away. In the interim, Winston had managed to get out of the apartment unnoticed and he likewise had made a telephone call or two during the elapsed period. One of the other apartment dwellers, sensing something was amiss, notified the police that defendant was seen to pass there in a Cadillac. This information was relayed to the officers via radio, and they subsequently spotted the Cadillac and followed it. As it came to a halt at an intersection, Winston ran out and got into the car with defendant. Upon this occurrence the officers closed in, forcing defendant to stop, and Winston was placed under arrest and immediately taken to headquarters.

Defendant took the stand in her own behalf and admitted that when the officers came to her apartment she refused them admission and told them that Winston was not there, although the evidence showed that he was there. Only minor details were in dispute and the sufficiency of the evidence is not and could not be successfully challenged.

The principal ground upon which the asserted error is based is that defendant could not safely go to trial without the testimony of Farnsworth. This witness, however, did actually appear in Cedar Rapids on the afternoon of the first day of trial and testified the following day. This friendly witness' testimony was of no import, however, unless it can be said that importance attaches

to the fact that defendant was unnerved or excited when she arrived at the restaurant because her boy friend was in trouble and that she was in need of a drink which was provided by her friend, the barmaid.

Counsel attempts to make much of the fact that the trial commenced on December 15, 1966 and defendant's arraignment had taken place on December 9, 1966, but a chronology of the events will clearly reveal that the defendant and her counsel had ample time prior to arraignment to be prepared for trial, in addition to the intervening time between arraignment and the trial date, if, in fact, additional time would have been needed in a case of this nature. Actually, defendant committed the crime on June 14, 1966; a complaint was issued against her on September 21, 1966; she was arrested on September 26, 1966; and a preliminary hearing scheduled in her case before a United States commissioner for October 13, 1966. The commissioner's hearing, however, was continued by reason of the absence from the city of defendant's attorney and the hearing was re-set for November 10, 1966. Prior to that date, the United States attorney, on November 4, 1966, advised defendant's attorney by letter that the case would be submitted to the grand jury on November 17, 1966. At the November 10 commissioner's hearing, the Government put on a full scale case and defendant's attorney had an opportunity to cross-examine the Government's witnesses at length. The Commissioner, however, released defendant for lack of sufficient evidence and subsequently the United States attorney's office again notified defendant's counsel that the case would be submitted to the grand jury. It was on December 6, 1966 that the grand jury returned the indictment against defendant. The arraignment was on December 9, 1966, at which time defendant pleaded not guilty, and she was released on her own recognizance. Her attorney at arraignment made no suggestion or motion for continuance but filed the motion on December 14, 1966, the day preceding the trial date. In the affidavit accom-panying the motion for continuance, defendant's counsel stated: "Affiant is fully and adequately acquainted with this case, having represented defendant at the preliminary hearing."

■■ A person charged with a federal crime is entitled to counsel, and this, of course, means effective counsel. It is fundamental and essential under our system of justice that defense counsel have sufficient time to adequately prepare the defense. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Some trials involve complicated issues of fact as well as law and it is only practical, in making a determination as to adequate time for preparation, that consideration be given to the character of the case.

■ The late Judge Sanborn speaking for this court in Ray v. United States, 197 F.2d 268 at page 271 (8th Cir. 1952), said:

"Whether the time allowed counsel for a defendant for preparation for trial is sufficient will depend upon the nature of the charge, the issues present-ed, counsel's familiarity with the applicable law and the pertinent facts, and the availability of material witnesses."

The *Ray* case, supra, was more recently cited with approval by the Ninth Circuit in Eubanks v. United States, 336 F.2d 269, 270 (9th Cir. 1964).

■ The issue here ordinarily addresses itself to the discretion of the trial judge and the Supreme Court has said " * * * the exercise of which will ordinarily not be reviewed." Avery v. State of Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). This apparently is the general rule. The Fifth Circuit stated in Adams v. United States, 128 F.2d 820, 821 (5th Cir. 1942): "It rested within the sound discretion of the trial court to either grant or refuse to grant a continuance, and such discretion was in no wise abused."

■ The principal ground for continuance was the allegation that time was

needed to get in touch with Mary Lou Farnsworth, the barmaid, to ascertain whether or not her testimony would be of value to defendant's case. As a matter of actual fact, Farnsworth had moved away from Cedar Rapids but appeared at the trial late in the afternoon of the first day and was available and did testify in defendant's behalf. The court stated in Casados v. United States, 300 F.2d 845, at page 847 (5th Cir. 1962):

> "No prejudice resulted to the appellant from the alleged unavailability of the witness Nico Mary Carranco since, as the record shows, this witness was present when the trial was held and gave testimony."

See also Byrd v. United States, 114 U.S. App.D.C. 117, 312 F.2d 357, 358 (1962).

As to the other witnesses, all except one, who apparently did nothing more than sign one of the complaints and had no firsthand knowledge of the offense, testified on behalf of the Government.

It is readily apparent that defendant and her counsel were fully apprised of the complete details of the Government's case against her from at least the date of the commissioner's hearing on November 10, 1966. At that time, all of the witnesses lived in Cedar Rapids. On the date of trial, two of them resided elsewhere but both were present and testified at the trial. Defendant and her counsel were not confined to five and one-half days in preparation for trial, but knew from September 21, 1966 the simple issue upon which the complaint against her was based. The time available was more than two months, rather than five and one-half days. Additionally, it is noted that upon arraignment and the setting of this case for trial on December 15, 1966, no objection was made to the trial date and no request for continuance was made until December 14, the day before commencement of the trial. More importantly, however, a close canvass of the record indicates, in our view, that five and one-half days would have been sufficient time for a competent attorney to fully and adequately prepare the defense in this case. It appears that every possible witness was not only available at trial but accessible to the defendant and her counsel from the date of the commission of the crime. We also note that defendant twice stated during her sentencing proceeding that she was satisfied with the conduct of the defense by her chosen counsel.

No possible prejudice could have resulted from the trial court's action in denying the motion for continuance, and the judgment of conviction is affirmed.