**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Brian FOY, Defendant-Appellant.**

**No. 16996.**

United States Court of Appeals
Seventh Circuit.

Sept. 17, 1969.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Samuel K. Skinner, Asst. U. S. Attys., of counsel, for appellant.

Robert S. Bailey, Chicago, Ill., for appellee.

Before KNOCH, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant was indicted for violation of 18 U.S.C. § 1071, harboring and concealing a person from arrest. A jury found defendant guilty and from this conviction he appeals.

On October 19, 1967 an appeal bond of Bernard Francis Ryan was revoked and a bench warrant was issued for his arrest. The next morning, F.B.I. agents drove to an apartment building in Chicago, Illinois in which a friend of Ryan's, Leona Phebus, lived. Ryan was known to frequent her residence. When the agents arrived, they saw Ryan's car outside. Two agents entered the front of the building while two other agents entered through the rear. Four minutes elapsed from the time the agents knocked on the door until Leona Phebus let them in. In the apartment the agents met the defendant Foy. Phebus and Foy were told that the agents had an arrest warrant for Ryan based on the revocation of his

bond. The agents also told them that if they failed to tell the whereabouts of Ryan they would be guilty of harboring and concealing a fugitive. Both Foy and Phebus told the agents that they had not seen Ryan since the previous afternoon. The agents were allowed to search the entire apartment but they could not find Ryan. Two agents left to try another place but later called back to say that Ryan was not at the other place. Then, one of the agents at the Phebus apartment found Ryan on a ledge outside the bedroom window. He was ordered to come in and was arrested. Phebus and Foy were both indicted for harboring and concealing Ryan. Phebus pled guilty but refused to testify at the trial of Foy. The court was asked to issue a writ of habeas corpus ad testificandum for production of Ryan but the court refused.

 Since there was no evidence that Foy told Ryan to hide on the ledge, the essential question before the court is whether Foy's statement that he had not seen Ryan since the previous afternoon and did not know where he was, violated 18 U.S.C. § 1071.

18 U.S.C. § 1071 provides:

> Whoever harbors or conceals any person for whose arrest a warrant * * * has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant * * * has been issued * * * shall be fined. * * *

In United States v. Shapiro, 113 F.2d 891, 130 A.L.R. 147 (2nd Cir. 1940), the court having before it 18 U.S.C. § 246, the predecessor of § 1071, held that the words "harbor" and "conceal" must be construed narrowly, not to include all forms of assistance. "These are active verbs, which have the fugitive as their object." 113 F.2d at 892. The court concluded that weekly payments of $250 to the fugitive, the purpose of the payments being to allow him to evade arrest, did not come within the proscribed behavior. The court in United States v. Biami, 243 F.Supp. 917 (E.D.Wis.1965),

held that the refusal to admit the police officers into the apartment where the fugitive was, constituted harboring and concealing under § 1071. Here, the agents were admitted into the apartment and were allowed to completely search it. There was no evidence that defendant took any action "to hide, secrete or keep out of sight" or "to lodge, to care for after secreting the offender" as the terms conceal and harbor are defined in United States v. Thornton, 178 F.Supp. 42, 43 (E.D.N.Y.1959). In *Thornton* the defendant left Denver, Colorado with the fugitive because FBI notices that the fugitive was wanted were posted in a Denver hotel, traveled with the fugitive to Brooklyn, New York and rented a room in his name for himself and the fugitive in Brooklyn. The court in United States v. Giampa, 290 F.2d 83 (2nd Cir. 1961), held that defendant's conduct in leasing an apartment in his name for the fugitive, shopping for food for the fugitive and refusing to let Federal narcotics agents into the apartment constituted a violation of § 1071. Here, the false statement of defendant that he did not know where Ryan was, without any further acts of concealment, did not impose a real barrier to the discovery of Ryan. While there are many negative or passive acts which would fall within the statutory prohibition, we do not think that a failure to disclose the location of a fugitive is the type of assistance contemplated by "harbor and conceal" as used in § 1071. The statute proscribes acts calculated to obstruct the efforts of the authorities to effect arrest of the fugitive, but it does not impose a duty on one who may be aware of the whereabouts of the fugitive, although having played no part in his flight, to reveal this information on pain of criminal prosecution.

The government relies heavily on Stamps v. United States, 387 F.2d 993 (8th Cir. 1967), claiming that the facts are identical with those in the case before us. While in *Stamps* the court was not confronted with the issue of sufficiency of the evidence, the defendant, there, committed various acts calculated

and determined to prevent the arrest of the fugitive: one, defendant refused to let officers in the apartment; two, after police had left, defendant removed the fugitive from the apartment and placed him in the apartment of a neighbor; and three, after the fugitive had left the building, defendant picked him up in a car and tried to drive away. We do not think the facts in *Stamps* lend any support to the government's argument in the case before us.

For the foregoing reasons we reverse.

Reversed.

KNOCH, Senior Circuit Judge (dissenting).

I am very reluctant to disagree with my colleagues; yet I believe that we should draw some distinction between mere mute refusal to assist the officers and deliberate misstatements of fact designed to mislead the police so as to prevent the fugitive's discovery and arrest. On the specific circumstances of this case, I would affirm.