**STATE of Iowa, Appellee,**

v.

**Ramona Kay WALKER, Appellant.**

**No. 55552.**

Supreme Court of Iowa.

May 22, 1974.

Morris & Morris, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

LeGRAND, Justice.

On October 28, 1971, Anis Eugene Walker escaped from the penitentiary at Fort Madison. Almost a month later, he was apprehended in an apartment in Des Moines where he was living under an assumed name with his wife, Ramona Kay Walker, the defendant herein. He was taken into custody and returned to the penitentiary. She was arrested and charged with violating § 745.15, The Code, which

makes it a felony to conceal a known escapee as defined therein.

Upon trial to a jury, she was convicted of this offense and sentenced to a term of not more than five years in the women's reformatory. She appeals from that judgment and we reverse.

The material part of § 745.15 is here set out:

"Any person not authorized by law * * * who, knowing of such escape [by an inmate committed to or detained in certain designated places pursuant to law], shall conceal such inmate after escape, shall be punished by fine not exceeding one thousand dollars, or by imprisonment in the penitentiary or reformatory for a term not exceeding five years."

Shortly after his escape from the penitentiary, Mr. Walker contacted defendant by telephone and asked her to meet him at a friend's house. She did so; and a day or two later they rented an apartment in Des Moines under a fictitious name, where they lived for a period of 25 days until both were taken into custody on November 22, 1971.

Two issues are raised on this appeal: First, defendant asserts there is no evidence she concealed her husband following his escape, only that she failed to disclose his whereabouts to the authorities. Second, she claims she is entitled to a new trial because of a prejudicial statement made during the testimony of Officer Zimmerman. Because our decision on the first of these disposes of the appeal, we do not reach the second assignment.

■ I. Although § 745.15 and its predecessors have been in the Code for more than 100 years, we have not heretofore had occasion to define what acts constitute concealment under that statute. There is also surprisingly little law on the question from other jurisdictions. Most of the available authority comes by way of federal cases involving a statute making it an offense to harbor or conceal "any person for whose arrest a warrant or process has been issued" under circumstances set out in the statute. 18 U.S.C.A. § 1071. See also Annot. 16 A.L.R.Fed. 253. While our statute does not make harboring a crime, cases under the concealment portion of the federal law present the same problem we face here. Those decisions are helpful in deciding this appeal.

At the outset we note our statute makes no exception as to a wife or husband who conceals an escaped spouse, although some other jurisdictions recognize such assistance should not be the subject of criminal prosecution. 39 Am.Jur.2d Harboring Criminals § 2, page 338 (1968). Cf. Annot. 16 A.L.R.Fed., supra, at page 259. Therefore, we must judge defendant's conduct without considering her marital relationship to Mr. Walker.

Defendant's principal argument asserts the state must prove an overt act of concealment before she can be convicted of the crime charged. As part of that argument, she insists she did nothing except fail to divulge her husband's whereabouts after his escape, which, according to her, is not a violation of the statute.

We agree the statute contemplates some affirmative act on the part of one accused of this crime. Virtually all courts which have interpreted similar statutes reach this conclusion. State v. Pringle, 147 Wash. 555, 266 P. 196, 197 (1928); Dennis v. State, 230 Ind. 210, 102 N.E.2d 650, 653 (1952); United States v. Foy, 416 F.2d 940, 941, 16 A.L.R.Fed. 249 (7th Cir. 1969); United States v. Thornton, 178 F. Supp. 42, 43 (E.D.N.Y.1959); United States v. Shapiro, 113 F.2d 891, 893, 130 A. L.R. 147 (2d Cir. 1940); United States v. Biami, 243 F.Supp. 917, 918 (E.D.Wis. 1965); United States v. Giampa, 290 F.2d 83, 84 (2d Cir. 1961); United States v. Magness, 456 F.2d 976, 978 (9th Cir. 1972). Cf. Stamps v. United States, 387 F.2d 993 (8th Cir. 1967). See also 27 Am.Jur.2d Es-

cape, Prison Breaking, and Rescue § 5, page 852 (1966).

In order to convict defendant, the state had to prove three elements—her husband's escape from the penitentiary; her knowledge of that fact; and some subsequent overt act to conceal him. Since the first two are admitted, we need concern ourselves only with the evidence dealing with defendant's conduct which the state relies on to show she concealed him from those seeking his recapture.

A careful reading of the transcript of evidence fails to support the charge. We have found no case in which conduct such as defendant's here has been held sufficient. This is true even after considering the evidence and all reasonable inferences flowing from it in the light most favorable to the state, as we are required to do when reviewing challenges to the sufficiency of the evidence. State v. Clay, 213 N.W.2d 473, 476 (Iowa 1973).

In the context of this statute, we believe to conceal means "to put or keep out of sight; hide;" (The World Book Dictionary (1974)) or "to hide; withdraw; or remove from sight; to keep secret; to prevent or avoid disclosing or divulging;" (The Random House Dictionary (1966)) or "to place out of sight; to shield from vision or notice, to withdraw from being observed." (Webster's Third New International Dictionary (1968)). Cf. State v. Julien, 48 Iowa 445, 447 (1878).

To sustain defendant's conviction we must say her use of an assumed name is alone enough to constitute concealment of her husband under the above definitions. We are unwilling to do so.

Defendant did not rent the apartment for her husband, although she was with him when he did so. The record shows Mr. Walker paid the rent and received the receipt for such payment. For 25 days defendant and her husband made no effort to remain hidden. According to the record, they shopped together; took a trip to Missouri; defendant visited several used car lots; and otherwise they led what seemed to be an open and normal life. The record is silent as to any act by which defendant hid her husband or kept him out of sight.

In all the cases heretofore cited there was some conduct which could fairly be said to constitute an act of concealment. Some of these acts are a rental of living quarters by the accused while the escapee remains hidden (here Mr. Walker rented the apartment); shopping for necessities while the escapee stays holed up (here he participated in that task); refusal to admit to his living quarters officers with a warrant for the escapee's arrest (here they were promptly admitted); and giving a warning so the escapee could avoid arrest (there is no such evidence in this case).

Not only are these circumstances absent, but there is no evidence of any comparable act which we can say amounts to an overt act by defendant to conceal her husband.

Certainly defendant was willing, perhaps even anxious, to have him escape recapture. Certainly she was willing to live with him during his brief period of freedom. Certainly she consented to the use of an assumed name for herself. However, we do not believe this amounts to an overt or affirmative act on her part under the statute. There is no evidence of any attempt to keep him out of sight; nor indeed is there any evidence he himself tried to stay out of sight.

We conclude the record fails to support the charge and that defendant was entitled to a directed verdict upon her motion for that relief at the end of all the evidence. In view of what we have already said, we need not consider defendant's second assignment.

The judgment is set aside and the case is remanded for entry of a verdict of acquittal on defendant's motion for directed verdict.

Reversed and remanded with instructions.

All Justices concur except UHLEN-HOPP and REES, JJ., who dissent.

UHLENHOPP, Justice (dissenting).

Why did Ramona Kay Walker, living with her escapee-husband, use an assumed name instead of her regular name? The jury could find she did so to help her husband keep his identity concealed in order to avoid apprehension. That is concealment the same as if she had helped him keep out of sight physically.

I would affirm.

REES, J., joins in this dissent.