Roy Dale STEPHENS,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–176.

Supreme Court of Wyoming.

March 27, 1987.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender; Julie D. Naylor, Appellate Counsel; Howard J. Kushner, Cheyenne; Wyoming Defender Aid Program: Gerald M. Gallivan, Director, Laramie.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Mary B. Guthrie, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from a conviction of accessory after the fact to the commission of a burglary, in violation of § 6–5–202, W.S.1977 (June 1983 Replacement). The issues raised by appellant are whether or not there was sufficient evidence of the element of "rendering assistance" and of the element of "intent" to sustain the conviction. We hold that there was not sufficient evidence of either element, and reverse the conviction.

On December 1, 1985, appellant was at his ex-wife's residence with Harry Van Buren. Appellant agreed to let Van Buren stay with him that evening and in return Van Buren agreed to help appellant look for a part for appellant's truck the following morning. Appellant left the house about three o'clock that afternoon, while Van Buren remained. The next time appellant saw Van Buren was about 8:00 that evening. At that time, Van Buren informed appellant and appellant's girl friend that he had burglarized Yellowstone Electric hours earlier. Appellant told Van Buren he "didn't want to hear about it." The next morning appellant and his girlfriend

awoke to find Van Buren gone. He returned around 7:30 a.m., and went with appellant to look for the truck part, as previously arranged.

When appellant was unable to find the truck part he needed he asked Van Buren to give him some money to purchase a car. Van Buren complied, giving appellant $100. Thereafter, an automobile was purchased and the two traveled back to the home, appellant driving the recently purchased car while Van Buren drove the truck. Upon arriving home, appellant noticed that Van Buren, having arrived home already, was being questioned by police officers in a police car. Subsequently, appellant was approached by the police officers.

When the officers questioned appellant about the burglary and Van Buren's possible role in it, appellant replied that he did not know anything about it. Upon further questioning, appellant informed the officers that a few years earlier he had received money from Van Buren from a similar burglary. Appellant told the officers that he had learned his lesson after the earlier burglary and would not get involved in that situation again.

About fifteen minutes later the police confronted appellant with some information they had received from his girlfriend, and appellant then admitted that he knew of the burglary and of Van Buren's role in it. Appellant also told the officers that he had told Van Buren he did not want to know about it.

The statute under which appellant was convicted reads, in part:

"(a) A person is an accessory after the fact if, with intent to hinder, delay or prevent the discovery, detection, apprehension, prosecution, detention, conviction or punishment of another for the commission of a crime, he renders assistance to the person * * *." § 6–5–202, W.S.1977 (June 1983 Replacement).

The two elements that appellant contends are missing are the elements of intent and rendering assistance.

## RENDERING ASSISTANCE

"Render assistance" is defined in § 6–5–201 as follows:

"(a) As used in this article:

" * * *

"(iv) 'Render assistance' means to:

"(A) Harbor or conceal the person;

"(B) Warn the person of impending discovery or apprehension, excluding an official warning given in an effort to bring the person into compliance with the law;

" * * *

"(D) By force, intimidation or deception, obstruct anyone in the performance of any act which might aid in the discovery, detection, apprehension, prosecution, conviction or punishment of the person."

The state contends that appellant rendered assistance by harboring or concealing Van Buren and by helping Van Buren to avoid discovery and apprehension. The facts that the state relies on are that appellant provided Van Buren a place to stay the night after the burglary and that he denied knowledge of Van Buren's involvement in the burglary. Case law from other jurisdictions does not support this argument.

In the case of *State v. Clifford*, 263 Or. 436, 502 P.2d 1371 (1972), the defendant saw Douglas Wright a day after Wright murdered two people and kidnapped a five-year-old boy. After learning of the murder, defendant was arrested on other charges and asked by the police if he had seen Wright. Defendant told the police either that he had not seen Wright, or that he had not seen him in a long time. The Oregon Supreme Court, after reciting the common-law history of the offense of being an accessory after the fact, concluded that there was no sharp line between conduct which constituted aiding or concealing and that which does not. However, some type of line may be drawn from examples given.

" * * * The examples describing criminal conduct uniformly consist of an affirmative act from which the intention to aid an offender, to escape arrest, conviction or punishment is obvious. None of the examples indicate that a mere denial of knowledge of the whereabouts of an offender at some time in the past would

amount to accessorial conduct." *State v. Clifford*, supra, at 1374.

■ Furthermore, other cases uniformly support the conclusion reached by the Oregon Supreme Court, that is, merely denying knowledge of the principal's involvement in a crime will not give rise to a charge of accessory after the fact. See *Findley v. State*, Tex.Crim.App., 378 S.W.2d 850 (1964); and *Tipton v. State*, 126 Tex.Cr.Rptr. 439, 72 S.W.2d 290 (1934). A mere denial of knowledge is to be differentiated from an "[a]ffirmative statement of facts tending to raise any defense for (the principal), or a statement within itself indicating an effort to shield or protect (the principal)." *State v. Clifford*, supra, 502 P.2d at 1374, quoting from *Tipton v. State*, supra. Such an affirmative statement would be such as supplying a false alibi. This amounts to more than passive nondisclosure. *People v. Duty*, 269 Cal.App.2d 97, 74 Cal.Rptr. 606 (1969).

In the case here, appellant did nothing more than passively deny knowledge of Van Buren's involvement in the burglary. When finally confronted by the statement made by his girlfriend, appellant relented and told the police what he really knew. This does not rise to the level of helping Van Buren avoid discovery and detection, especially in light of appellant's probable intent, which will be discussed later.

■ Further, we question whether appellant actually harbored Van Buren. Again, case law supports appellant. Here, the distinction is between active concealment and merely allowing a person to stay in one's home. This distinction is examined in the case of *United States v. Bissonette*, 586 F.2d 73 (8th Cir.1978). There, the defendant kept several juveniles, including her grandson, in her basement following a shooting and jail break, of which she was aware. "She [the defendant] told [the juveniles] and the others to stay in the basement when she was out of the house, to keep the doors locked, and the blinds drawn. In the following days, she purchased food and cooked for [the juveniles] and cashed a check for [her grandson.]" *Id.*, at 75.

The federal court found that the defendant's conduct went beyond merely offering the juveniles the comforts of her home. "* * * [s]he instructed the fugitives to stay in the basement when she was out of the house, to keep the blinds drawn, and the doors locked; she berated them when they tried to contact friends outside the house, lest their discovery result." *Id.*, at 76. This all resulted in an affirmative, continuing pattern of conduct establishing the intent of the defendant to prevent apprehension of her grandson by the authorities.

The Bissonette case is far different than the case before us. Here, appellant had agreed to let Van Buren spend the night at his home. This agreement was made before appellant had any knowledge of a burglary. Further, appellant did not keep Van Buren concealed, but rather, was accompanied by him in public to look for a truck part, and then to purchase a car. There was no active concealment.

## INTENT

Appellant also contends there was insufficient evidence of intent to uphold his conviction. The requisite intent, from a plain reading of the statute, is to hinder, prevent or delay the discovery or apprehension, etc., of the principal. Once more, case law is in appellant's favor.

"If, however, the act is a mere false denial of knowledge which may have been motivated by self-interest, there must also be evidence from which the jury could infer that the actor told the lie with the intent to aid the offender and that the lie was, under the existing circumstances, likely to aid the offender to escape arrest or punishment. * * *" *State v. Clifford*, supra, at 1374–1375.

■ The intent evident from the testimony presented at trial was clearly self-motivated. First, Van Buren had already been apprehended by the police when they questioned appellant. Second, appellant knew that he was guilty himself of receiving stolen property (the $100 that Van Buren

gave him to buy a car).[1] Further, appellant knew that four years ago when an almost identical situation arose, he ended up with a felony on his record and a two to four year sentence, suspended, with four years probation. Appellant certainly had plenty of self-interest in denying any knowledge of Van Buren's activities in the present instance. Further, no other evidence presented at trial indicated any intent of appellant to benefit Van Buren.

The standard of review with respect to the sufficiency of the evidence is that we examine the evidence in a light most favorable to the state to determine if there is sufficient evidence to uphold the verdict. *Dangel v. State*, Wyo., 724 P.2d 1145 (1986). Even when we apply this standard, we are unable to find evidence sufficient to uphold appellant's conviction, either on the element of intent or of rendering assistance.

The conviction is reversed and the charge of accessory after the fact is dismissed.

---

1. Appellant pled nolo contendre to the charge of receiving stolen property as a result of this incident. He received a sentence of four months in the county jail, with credit for time served, and with one month suspended.