The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Sandra E. **SANDOVAL**, Defendant–Appellant.

No. 88CA0921.

Colorado Court of Appeals, Div. V.

Jan. 25, 1990.

Rehearing Denied Feb. 22, 1990.

Certiorari Denied May 21, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Sandra E. Sandoval, appeals from the judgment of conviction, entered following a trial to the court, finding her guilty of accessory to crime. We affirm.

In January of 1978, two police officers went to defendant's apartment to serve an arrest warrant on Robert Trujillo, who was a fugitive. Trujillo had a long standing intimate relationship with the defendant and had periodically lived at this apartment. While outside the apartment, immediately prior to contacting defendant, one of the officers heard a male voice in the apartment and saw, through the window, a hispanic male with short black hair. After the police knocked, defendant answered the door and stated that Trujillo was not in the apartment, and denied having seen him recently. After being advised that the officers had a warrant for Trujillo's arrest, defendant ultimately allowed the officers to look through the apartment, and they left when they did not find the hispanic male.

The following month a police officer noticed a person whom he believed to be Trujillo entering the defendant's apartment. He notified the Edgewater Police who went to the defendant's apartment and asked to search it. After being advised again that the officers had a warrant for Trujillo's arrest, defendant told the police officers to get a search warrant. The officers responded that they would keep the apartment under surveillance until the warrant was returned. After the officers returned with the search warrant, defendant let them search her apartment. During the search she sat at the dining room table.

After initially searching the small apartment, the police located the apartment manager and learned that there was a potential hiding place in the kitchen. As a result, they returned to the kitchen, and an officer testified that defendant's facial expression changed from one of smugness to that of anxiety. Trujillo was then found hiding under the kitchen sink in a special compartment area which had been modified to make it more difficult to observe him.

Defendant contends that the prosecution's evidence was insufficient to support the verdict. Specifically, she maintains that the state failed to prove that she engaged in an affirmative act sufficient to "render assistance" to Trujillo as required by the accessory statute. She further argues that there was insufficient evidence to establish either harboring or concealing the defendant or to establish the requisite intent to hinder or prevent Trujillo's apprehension. We disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole, and in a light most favorable to the prosecution, is substantial and sufficient to support the conclusion by a reasonable person that defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

The statute at issue here, § 18–8–105(2)(a), C.R.S. (1986 Repl.Vol. 8B) provides that one is an accessory to crime if "with intent to hinder, delay, or prevent the discovery, detection, apprehension ... of another for the commission of a crime, [s]he renders assistance to such person."

■ Any assistance whatever given to one known to be a felon, including the harboring and protection of the wrongdoer, constitutes "rendering assistance" within the meaning of our statute. *Self v. People,* 167 Colo. 292, 448 P.2d 619 (1968); § 18–8–105(2)(a), C.R.S. (1986 Repl.Vol. 8B). Although the mere failure to inform public authorities of one's knowledge of a felon may not be sufficient to establish that an accused is an accessory to the crime, the offense can be established by proving the defendant was of personal help to, or aided, the offender in avoiding arrest and prosecution. *Lowe v. People,* 135 Colo. 209, 309 P.2d 601 (1957).

■ Defendant, however, maintains that, in order to obtain a conviction, the prosecution must establish that she engaged in an affirmative act in furtherance of the goal of preventing Trujillo from being apprehended. We agree with this general statement, but conclude defendant's conduct here constituted an act sufficient to support a conviction within the meaning of the statute. *See United States v. Bissonette,* 586 F.2d 73 (8th Cir.1978); *Taylor v. State,* 442 N.E.2d 1087 (Ind.App.1982); *State v. Clifford,* 263 Or. 436, 502 P.2d 1371 (1972).

The primary task of an appellate court in construing a statute is to discern the intent of the General Assembly. Words and phrases must be given effect according to their plain and ordinary meaning, and the statute should be interpreted in such a way as to give sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

By the express language of § 18–8–105(2), one "renders assistance" if one "[h]arbor[s] or conceal[s]" the wanted person. To be guilty as an accessory, the statute also requires that the person who is rendering assistance by harboring or concealing, must have the "intent to hinder, delay, or prevent the discovery, detection, apprehension ..." of the wanted person. Thus, the act of harboring or concealing a wanted person, coupled with the requisite intent, forms the basis of the criminal offense.

Webster's New Third International Dictionary 1031 (1986) defines "harbor" as:

"(1) to give shelter to or refuge to ... (2) to receive clandestinely and conceal."

Here, the following factors support the conclusion that defendant was harboring and/or concealing Trujillo with the intent to prevent his apprehension by police: (1) the long term intimate relationship between the two; (2) the fact that a man, probably Trujillo, was heard and seen in defendant's apartment a month earlier and successfully hid from the officers in the kitchen's secret hiding place and defendant's failure to reveal Trujillo; (3) the fact that, on the date of his arrest, Trujillo was seen entering defendant's apartment; (4) the fact that the size of the apartment would have made it extremely difficult, if not impossible, for Trujillo to be there without defendant knowing of his presence; and (5) the change in defendant's facial expression when the police returned from talking to the apartment manager.

Moreover, defendant was the exclusive tenant of this apartment on the date of Trujillo's apprehension and as such had the legal authority to control and prevent Trujillo's right to be on the premises and to use any part of it. *See Radinsky v. Weaver,* 170 Colo. 169, 460 P.2d 218 (1969); *Rutherford v. Scarborough,* 28 Colo.App. 352, 472 P.2d 721 (1970).

In light of all these circumstances, the fact finder could properly conclude beyond a reasonable doubt that defendant provided Trujillo a secret hiding place in order that he would avoid detection and arrest. This act constitutes giving shelter or refuge and thus violates the prohibition against harboring and/or concealing. *See Self v. People, supra.*

Judgment affirmed.

RULAND, J., concurs.

JONES, J., dissents.

Judge JONES, dissenting.

I respectfully dissent.

The defendant appeals a judgment of conviction based on findings of fact and conclusions of law entered after a trial to the court finding her guilty of accessory to crime. I would reverse the judgment of the trial court.

Section 18–8–105(1), C.R.S. (1986 Repl. Vol. 8B) provides:

"A person is an accessory to crime if, with intent to hinder, delay, or prevent the discovery, detection, apprehension, prosecution, conviction, or punishment of another for the commission of a crime, [s]he renders assistance to such person."

The specific elements which must be proven in order to convict a person of this offense are set forth in *Barreras v. People,* 636 P.2d 686 (Colo.1981).

Under § 18–8–105(2), C.R.S. (1986 Repl. Vol. 8B), "render assistance," as pertinent here, means to:

"Harbor or conceal the other; or

. . . . .

By force, intimidation, or deception, obstruct anyone in the performance of any act which might aid in the discovery, detection, apprehension ... or punishment of such person ..."

As the majority recognizes, for one to be guilty of being an accessory to crime, a wrongful intent must be joined with an affirmative act in furtherance of that intent. *See Self v. People,* 167 Colo. 292, 448 P.2d 619 (1968). *See also United States v. Bissonette,* 586 F.2d 73 (8th Cir.1978);

*United States v. Foy,* 416 F.2d 940 (7th Cir.1969); *Stephens v. State,* 734 P.2d 555 (Wyo.1987). Here, however, the record does not evince sufficient evidence to support a finding of such an affirmative act.

In order to prove that defendant "harbored" or "concealed" Trujillo, the People must show more than simply some form of assistance. Because these words "are active verbs, which have the fugitive as their object," *United States v. Shapiro,* 113 F.2d 891, 130 A.L.R. 147 (2d Cir.1940), they necessarily define affirmative acts which "impose ... real barrier[s] to the discovery of [the fugitive]." *United States v. Foy, supra.*

The majority sets out a litany of evidentiary features in support of the criminal conviction. None constitute an affirmative act by defendant.

The existence of a relationship between defendant and Trujillo might be probative of an intent to help him, but it is not probative of any act by defendant during the events at issue here.

The "inference" that Trujillo was in the apartment when the police searched a month earlier is pure speculation—probative of nothing.

The fact that Trujillo was seen entering the apartment is proof of the obvious and is irrelevant to defendant's guilt. In this regard, no evidence was presented that defendant invited Trujillo to enter or that she opened the door or otherwise consented to his entry. Trujillo had previously frequented and lived in this apartment, and presumably was aware of the space under the kitchen sink, and of its availability as a hiding place.

The smallness of the apartment might be probative of defendant's knowledge of Trujillo's presence, but her knowledge is not an affirmative act. *See United States v. Foy, supra.* Moreover, the small size of the apartment did not prevent Trujillo from being undetected during the initial thorough search by the two officers.

Thus, the facts support, at most, a conclusion that Trujillo was in the same apartment with defendant, and that defendant,

perhaps, knew of his presence but chose not to reveal him to the police. This type of *inactivity* does not constitute harboring or concealing. *See United States v. Foy, supra; State v. Clifford,* 263 Or. 436, 502 P.2d 1371 (1972). In my view, the evidence presented, while sufficient to cast strong suspicion on defendant as harboring or concealing Trujillo, will not support a finding of guilt beyond a reasonable doubt.