Franklin District Court
No. 2008-033

THE STATE OF NEW HAMPSHIRE

v.

GLADYS DURGIN

Argued: October 15, 2008
Opinion Issued: November 6, 2008

*Kelly A. Ayotte,* attorney general (*Stephen D. Fuller,* senior assistant attorney general, on the memorandum of law, and *Susan P. McGinnis,* senior assistant attorney general, orally), for the State.

*Pizzimenti & Immen,* of Concord (*Dennis Pizzimenti* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Gladys Durgin, appeals her conviction following a bench trial in Franklin District Court (*Gordon,* J.) for hindering apprehension or prosecution by harboring or concealing another. *See* RSA 642:3, I(a) (2007). She argues that the evidence was insufficient to convict her because lying to the police about the whereabouts of her daughter did not constitute harboring or concealing another within the meaning of RSA 642:3, I(a). We reverse.

The following is undisputed. In August 2007, three members of the Webster Police Department went to the defendant's home with an arrest warrant for her daughter. When the officers informed the defendant that they had a warrant for her daughter's arrest, she denied that her daughter was there. One of the officers asked if he could check inside the home; the defendant said that she would not allow this absent a search warrant. The police left shortly thereafter.

The defendant's daughter was, in fact, in the defendant's home at the time. Less than an hour after the police left, the defendant, her daughter and her son-in-law went to the Webster police station, where the daughter was arrested.

The sole issue for our review is whether the evidence was sufficient to convict the defendant of harboring and concealing her daughter. To prevail

upon her challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. *State v. Evans*, 150 N.H. 416, 424 (2003).

RSA 642:3, I(a) provides: "A person is guilty of an offense if, with a purpose to hinder, prevent or delay the discovery, apprehension, prosecution, conviction or punishment of another for the commission of a crime, he: (a) Harbors or conceals the other." The phrase "harbors or conceals" is not defined.

The defendant argues that, as a matter of law, she did not harbor or conceal her daughter by lying to the police about the daughter's whereabouts. The State counters that, while the defendant "had no obligation to volunteer information to the police unbidden . . . [or] to answer the officers' questions or allow them to enter without a warrant, . . . [her] outright lie" was sufficient to convict her of "habor[ing] or conceal[ing]" her daughter. Thus, the issue, as framed by the parties, is whether lying to the police, without more, constitutes "harboring or concealing" within the meaning of RSA 642:3, I(a).

New Hampshire's "Hindering Apprehension or Prosecution" statute derives from section 242.3 of the Model Penal Code. *State v. Brown*, 155 N.H. 164, 166 (2007); *see* MODEL PENAL CODE § 242.3, at 223 (Official Draft and Revised Comments 1980). To interpret our "Hindering Apprehension or Prosecution" statute, therefore, we look to the Model Penal Code commentaries for guidance. *See State v. Donohue*, 150 N.H. 180, 183 (2003).

Model Penal Code section 242.3 "covers the common-law offense of accessory after the fact but breaks decisively from that tradition." MODEL PENAL CODE § 242.3 cmt. 1, at 224. "At common law the accessory after the fact was one who 'receives, relieves, comforts or assists' a felon." *Id.* cmt. 4, at 230. "[H]elp of any kind sufficed at common law." *Id.* at 231. Thus, at common law, arguably a person who simply refused to answer police questions about a fugitive or who provided bail or who failed to report the commission of a crime could be guilty of being an accessory after the fact. *See id.* at 232. For this reason, the drafters of the Model Penal Code chose to specify the types of prohibited aid rather than to proscribe generally all forms of aid that could help an offender. *Id.*

Paragraph (1) of Model Penal Code section 242.3 "states the traditional offense of harboring or concealing a fugitive." *Id.* at 233. "This language requires proof that the defendant *acted* to hide or secrete the other person or to lodge or care for him after secreting." *Id.* (emphasis added).

Providing false information to the police is covered by paragraph (5) to Model Penal Code section 242.3, not paragraph (1). *See id.* at 235.

Paragraph (5) prohibits volunteering false information to the police. *Id.* Under paragraph (5), however, "[m]ere failure to report crime is not proscribed . . . . Neither is giving misleading or even false answers to inquiries initiated by the police." *Id.* at 235. "This solution represents a delicate policy judgment, premised in part on the fear that a wider reach . . . would invite abusive charges by police against persons interviewed in the course of investigating crime." *Id.*

These commentaries indicate that, in crafting Model Penal Code section 242.3, the drafters intended the terms "harbor or conceal" to require more than merely lying in response to police inquiries about another's whereabouts. *See id.*

■ Federal courts interpreting 18 U.S.C.A. § 1071 (West Supp. 2008), the federal analog to Model Penal Code section 242.3, have similarly interpreted the phrase "harbor or conceal" to require something more than lying to the police about another's whereabouts. *See United States v. Foy,* 416 F.2d 940, 941 (7th Cir. 1969); *see also United States v. Lockhart,* 956 F.2d 1418, 1423 (7th Cir. 1992) (failing to disclose fugitive's location and giving financial assistance does not constitute harboring); *United States v. Magness,* 456 F.2d 976, 978 (9th Cir. 1972) (false statement to an FBI agent that defendant had not seen fugitive for many years, "standing alone . . . could not constitute the active conduct of hiding or secreting contemplated by [section 1071]"); *United States v. Mitchell,* 177 F.3d 236, 239 (4th Cir.) ("A person does not actually harbor or conceal in violation of [section 1071] merely by lying to the police about the whereabouts of a fugitive."), *cert. denied,* 528 U.S. 917 (1999).

■ To "harbor or conceal" under the federal statute requires "some affirmative *physical* action" by the defendant. *Mitchell,* 177 F.3d at 239 (quotation omitted; emphasis added). Harboring or concealing means "to hide, secrete or keep out of sight" or "to lodge, to care for after secreting the offender." *Foy,* 416 F.2d at 941 (quotations omitted); *see* MODEL PENAL CODE § 242.3 cmt. 4, at 233. To obtain a conviction under the federal statute, "[g]enerally, the Government must prove a physical act of providing assistance, including food, shelter, and other assistance to aid the prisoner in avoiding detection and apprehension." *Mitchell,* 177 F.3d at 239 (quotations omitted). "For example, evidence that a defendant arranged for hotels and vehicles, rented apartments and shopped for a fugitive, or provided a fugitive with false identification, has been held sufficient to support a conviction under the statute." *Id.* (citations omitted). Only conduct in which the defendant engaged after learning of the arrest warrant for the other person is punishable, however. *Magness,* 456 F.2d at 978.

In *United States v. Stacey*, 896 F.2d 75, 77 (5th Cir. 1990), for instance, the court ruled that the defendant harbored or concealed the fugitive when, knowing that the police were driving by looking for the fugitive, the defendant closed and locked the fugitive's front door. Similarly, in *United States v. Yarbrough*, 852 F.2d 1522, 1543 (9th Cir.), *cert. denied*, 488 U.S. 866 (1988), the defendants harbored or concealed a fugitive when they took him to a hotel in a different city, schemed to get him medical care without suspicion, and purchased a car for him under a false name to use as a getaway vehicle. By contrast, in *Foy*, 416 F.2d at 941, the defendant did not harbor or conceal a fugitive when he lied to the police, telling them that he had not seen the fugitive since the day before, even though the fugitive and defendant were, in fact, in the same apartment at the time.

We have previously been guided by federal precedent when interpreting the phrase "harbor or conceal" as used in RSA 642:3, I(a). *See State v. Maloney*, 126 N.H. 235, 237 (1985). In *Maloney*, we were asked to decide whether the defendant's acts constituted "harboring" under the statute. *Id.* The defendant in *Maloney* lied to the police, telling them that her husband was not at home. *Id.* at 236. She then informed her husband about the warrant and secreted him upstairs. *Id.* We held that these additional acts distinguished this case from *Foy*, 416 F.2d at 941, upon which the defendant had relied. *Id.* at 237. Whereas in *Foy*, "the only issue was whether the false statement of the defendant that he did not know where the criminal was . . . constitute[d] harboring or concealing under the federal statute," the defendant in *Maloney* "rendered actual aid to the fugitive" by telling him about the warrant and hiding him upstairs. *Id.* Therefore, we held that the acts of the defendant in *Maloney* were sufficient to constitute "harboring" as used in the statute. *Id.*

The State cites a single case to support its assertion that lying about another's whereabouts constitutes harboring or concealing under the federal statute, *United States v. Donaldson*, 793 F.2d 498, 502 (2d Cir. 1986), *cert. denied*, 479 U.S. 1056 (1987). *Donaldson* is not on point, however. The issue in that case was not whether lying to the police, without more, was sufficient to *convict* a defendant of harboring or concealing another, but, rather, whether it provided probable cause to *arrest* the defendant for harboring and concealing a fugitive. *Donaldson*, 793 F.2d at 502. The court ruled that the police had probable cause because they knew that the fugitive was in the defendant's building, they saw the defendant scan the neighborhood from his porch, the defendant lied about the fugitive being in his apartment, and he then refused to let the police enter without a warrant. *Id.*

■ Given that our "Hindering Apprehension or Prosecution" statute derives from the same Model Penal Code section as the federal statute, we elect to follow federal precedent and now make explicit what we implied in *Maloney*: convicting a defendant of harboring or concealing another under RSA 642:3, I(a) requires proof of a physical act of assistance beyond merely lying in response to police inquiries about the other's whereabouts. *See Foy*, 416 F.2d at 941; *Lockhart*, 956 F.2d at 1423. With this understanding of the phrase "harbor or conceal" as used in RSA 642:3, I(a), we examine whether a rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found the defendant guilty of "harboring or concealing" her daughter beyond a reasonable doubt. *See Evans*, 150 N.H. at 424.

■ We hold that the evidence was insufficient. Viewed in the light most favorable to the State, the evidence in this case is that, upon learning of the warrant for her daughter's arrest, the defendant lied to the police and required them to obtain a warrant before entering her home but, soon after the police left, went with her daughter to the police station so that the daughter could turn herself in. The State concedes that requiring the police to obtain a warrant did not constitute harboring or concealing under the statute. Because the defendant's lie in response to police inquiries, standing alone, is insufficient to convict her of "harboring or concealing" her daughter, we reverse the defendant's conviction.

*Reversed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.