UNITED STATES v. HAMMERS et al.

(District Court, S. D. Florida. April 23, 1917.)

1. CRIMINAL LAW ⬯304(1)—"JUDICIAL NOTICE."

"Judicial notice" may be defined as the cognizance of certain facts which judges and jurors may properly take and act upon without proof, because they already know them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700, 701, 704, 715, 2951½.

For other definitions, see Words and Phrases, First and Second Series, Judicial Notice.]

2. CRIMINAL LAW ⬯304(1)—POISONS ⬯9—JUDICIAL NOTICE—INDICTMENT —SUFFICIENCY.

Harrison Anti-Narcotic Act Dec. 17, 1914, c. 1, § 1, 38 Stat. 785 (Comp. St. 1916, § 6287g), provides that dealers, etc., in opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof, shall register. Indictments charging defendants with a conspiracy to violate the act, and with violations thereof, alleged sales of cocaine, morphine, and morphine sulphate, but did not allege that cocaine is a compound, salt, derivative, manufacture, or preparation of coca leaves, or that morphine sulphate · and morphine are preparations of opium. Held, that the court would not take judicial notice that such drugs were derivatives of opium and coca leaves, and hence the indictments were defective for failure to allege such fact, for an accused should be apprised of the charge against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700, 701, 704, 715, 2951½; Poisons, Cent. Dig. § 6.]

3. INDICTMENT AND INFORMATION ⬯111(1)—NEGATIVING EXCEPTIONS.

The Harrison Anti-Narcotic Act, § 2a (Comp. St. 1916, § 6287h), declares that nothing in the section shall apply to the dispensing or distribution of any of the excepted drugs by a physician, dentist, or veterinary surgeon registered· under the act in the course of his professional practice only, provided that such physician, dentist, or veterinary surgeon shall keep a record of all drugs dispensed or distributed, showing the amount dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, etc., shall personally attend. An indictment charging physicians who had been duly registered by the collector of internal revenue, and who had paid the tax required,

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

with a violation of the act in distributing narcotics, failed to negative the exception in favor of physicians dispensing drugs to patients on whom they personally attend. *Held,* that the indictment was defective, for, as the exception was part of the essential of the offense, the burden was on the state to negative it.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 295.]

R. C. Hammers and H. M. Bruce were indicted for conspiracy to violate the Harrison Anti-Narcotic Act, and they demur. Demurrers sustained.

Fred Botts, Asst. U. S. Atty., of Jacksonville, Fla.
McKay, Withers & Phipps, of Tampa, Fla., for defendants.

CALL, District Judge. On February 21, 1917, the grand jury presented seven indictments; Nos. 282 and 287 being against the defendants Hammers and Bruce for conspiracy to violate the Harrison Anti-Narcotic Act, and the others against the defendant R. C. Hammers, charging violations of the same act.

Demurrers were interposed to each of said indictments by the defendant or defendants on various grounds. Some of these grounds are common to each of the indictments. The seventh ground of demurrer to No. 272 raises the question whether the indictment should allege that cocaine is a salt, derivative, compound, manufacture, or preparation of coca leaves. Some of the indictments charge the sale of morphine sulphate, and others of morphine. The same question is made to each of these, and what is said of cocaine equally applies to morphine sulphate and morphine.

[1, 2] Section 1 of the act approved December 17, 1914, known as the Harrison Anti-Narcotic Act, provides that dealers, etc., in "opium or coca leaves, or any compound, manufacture, salt, derivative or preparation thereof," shall register, etc. The indictments in question nowhere allege that the cocaine, morphine sulphate, or morphine is opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation of opium or coca leaves. It is therefore to be decided whether the court will take judicial cognizance of the fact that cocaine is a compound, salt, derivative, manufacture, or preparation of coca leaves, and morphine sulphate and morphine a compound, salt, derivative, or preparation of opium. If the court will take judicial cognizance of these facts, the indictments need not allege them, and they need not be proven on the trial. If it is required to prove the fact on the trial, it seems to me that then the allegation should be contained in the indictment; otherwise, the allegata and probata would not correspond.

"Judicial notice or knowledge may be defined as the cognizance of certain facts which judges and jurors may, under the rules of legal procedure or otherwise, properly take and act upon without proof because they already know them." 16 Cyc. 849.

"That which is judicially known need not be proven." State v. Downs, 148 Ind. 324, 47 N. E. 670.

In the state cases referred to in the brief filed for the defendants, the exact question in the instant case does not seem to have been

before the court; but it was held in the cases that proof must be adduced to show that the article charged to have been sold was included in the doings prohibited in the statutes, and if such is the case then the court cannot take judicial notice that cocaine is a manufacture, salt, derivative, or compound of coca leaves. The same may be said as to morphine sulphate and morphine.

The Congress in passing this act specifically names opium or coca leaves, and then, to cover the ground fully, proceeds with, "Or any compound, manufacture, salt, derivative, or preparation thereof." Under the rules of criminal pleading requiring that the defendant shall be informed of the charge to be met, it seems to me that the indictment, to comply with this rule in cases where the charge is not selling opium or coca leaves, should state that the article sold was either a compound or manufacture, salt, derivative, or preparation of either opium or coca leaves; that when so stated it becomes a matter of proof to be submitted to the jury, and unless so stated the indictment is defective in substance, and not form merely.

[3] There is another question, common to all the indictments, that I will notice. Each of these indictments show that the defendants were each medical doctors duly registered by the collector of internal revenue, and that each had paid the tax assessed by the act. Section 2, after providing for a written order on certain blanks to be furnished, provides that nothing contained in that section shall apply:

"(a) To the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice only:

"Provided, that such physician, dentist, or veterinary surgeon shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, dentist or veterinary surgeon shall personally attend."

The contention of the defendants is that, without the allegation in the indictment negativing that the physician personally attended upon the person to whom the drug was dispensed or distributed, no legal requirement is shown to keep the record mentioned in the proviso. The United States Attorney contends, on the other hand, that this is a matter of defense.

It seems to me that it is necessary to show that a record was legally required to be kept before a defendant can be prosecuted for a failure to keep such record, and unless this exception, which is contained in the very belly of the description of the offense, is negatived, no violation of the act is set forth.

There are many other grounds set forth in the different demurrers, not considered by me, for the reason that the two grounds above noticed are common to all the indictments, except Nos. 282 and 287, to which the last ground discussed does not apply, and necessitate the sustaining of demurrers.