STATE of Iowa, Appellee,

v.

Roy Lincoln BERCH, Appellant.

No. 56353.

Supreme Court of Iowa.

Oct. 16, 1974.

Gordon K. Darling, Winterset, for appellant.

Richard C. Turner, Atty. Gen., and David M. Dryer, Asst. Atty. Gen., Des Moines, and Jerrold B. Oliver, County Atty., for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

REES, Justice.

Defendant was charged with operating a motor vehicle upon the public highway while under the influence of an alcoholic beverage, contrary to section 321.281, The Code, 1971. On trial to a jury he was convicted, sentenced and now appeals. We find no reversible error, and affirm.

The record discloses that on December 6, 1972 at approximately 9 P.M., defendant was observed by Trooper Roland R. Thomas of the Iowa Highway Patrol driving a pick-up truck southerly on Highway 169 south of Winterset in Madison County. The trooper noted the defendant was driving his vehicle erratically, going onto the shoulder and across the centerline of the highway. When he was stopped and got out of his

vehicle, the trooper testified, defendant was unsteady on his feet and there was an odor of alcoholic beverages about him. The trooper further testified defendant was unable to perform a heal-to-toe walk and that in the trooper's opinion defendant was at that time under the influence of an intoxicating beverage.

Defendant was placed under arrest and taken to the city hall in Winterset where the trooper requested of defendant in writing that he submit to a blood test, but defendant refused to so submit. He did then agree to submit to a breath test, which was administered by the trooper employing a device known as the Indium tube encapsulation crimper. An analysis of the breath test later conducted indicated a blood alcohol equivalent of 0.213 in relation to grams percent equivalent of blood alcohol concentration of 21.$^3$/$_{100}$ of one percent by weight.

The analysis was made by the chief chemist for the breath and blood alcohol program for the State of Iowa. The chemist and the arresting state trooper were the only witnesses who testified for the State.

Defendant assigns eleven errors which he contends necessitate or justify reversal:

(a) Trial court erred in admitting evidence of defendant's breath test which defendant asserts was administered in violation of section 321B.4, The Code, 1971.

(b) Trial court erred in overruling defendant's objection to jury instruction 16 having to do with the statutory presumption regarding the presence of a specified percentage of alcohol in defendant's blood.

(c) Trial court erred in the use of the pronouns "he" and "his" in instruction 18 which defendant insists inferred the jury was required to select a male as its foreman.

(d) Trial court erred in overruling defendant's motion for directed verdict.

(e) Trial court erred by using the terms "intoxicating beverage" and "operating a motor vehicle in an intoxicated condition"

in certain instructions to defendant's prejudice.

(f) Trial court erred in the giving of instruction 17 relative to the laws of the State of Iowa having to do with arrests without warrant and the requirement an arrested person be taken before the nearest or most accessible magistrate.

(g) Trial court erred in the giving of instruction 19 which was general in its import and merely informed the members of the jury that a verdict must represent the considered judgment of each juror after an impartial consideration of the evidence with all of the members of the jury.

(h) Trial court erred in overruling defendant's motion for a new trial in which defendant claimed the members of the jury were guilty of misconduct.

I. Section 321B.4, The Code, 1971, provided in pertinent part:

"* * * any peace officer, using devices and methods approved by the commissioner of public safety, may take a specimen of a person's breath or urine for the purpose of determining the alcoholic content of the person's blood. * * *"

As indicated above, the device used by the highway patrolman in taking the specimen of defendant's breath in the matter before us was the Indium tube encapsulation crimper, which device had been approved by the Commissioner of Public Safety in rules promulgated pursuant to authority granted him in section 321B.4, The Code. These rules then appeared in the July, 1972 Supplement to the Iowa Departmental Rules at page 123 and now appear in Iowa Departmental Rules, 1973, page 788.

Defendant contends there was no showing that either the breath-testing device employed or the method used in administering the test with the device was approved by the Commissioner of Public Safety. Secondly, he urges that even if the testing procedures were approved by the Commis-

sioner they were not followed in defendant's case, and that the question of compliance with the approved procedures was one of fact for the jury. Thirdly, he asserts section 321B.4 of the Code constitutes an unconstitutional delegation of legislative power to an administrative official. Finally, he contends the admission into evidence of the test results improperly created an impression of infallibility of the results in the minds of the jurors.

The first contentions of defendant in this regard are based on the foundation requirements for the admission of breath-test results referred to in State v. Hansen, 203 N.W.2d 216, 223 (Iowa 1972) where we said:

"* * * the results of the breathalyzer test * * * should be admitted only upon a showing (1) of the devices and methods approved by the Commissioner of Public Safety for the taking of such tests as provided in section 321B.4 and (2) proof that the test was given by use of the approved devices and methods."

See also State v. Tiernan, 206 N.W.2d 898, 899–900 (Iowa 1973).

The record before us does not support defendant's contention the device and method used had not been approved by the Commissioner of Public Safety. The record indicates the trial court took judicial notice of the departmental rules dealing with the collecting of breath samples for testing alcoholic content.

██ Judicial notice has been defined as the act by which a court, in conducting a trial, or framing its decision, will, of its own motion, and without production of evidence, recognize the existence and truth of certain facts, having a bearing on the controversy at bar, which, from their nature, are not properly the subject of testimony, or which are universally regarded as established by common notoriety. North Hempstead v. Gregory, 53 App.Div. 350, 65 N.Y.S. 867. United States v. Hammers, 241 F. 542, 543.

(D.Fla.1917). Judicial notice may be taken of departmental rules and regulations adopted pursuant to statutory authority. See State v. Bruno, 204 N.W.2d 879, 888 (Iowa 1973); State v. Armstrong, 203 N.W.2d 269, 272 (Iowa 1972), cert. denied, 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 108; Socony Vacuum Oil Co. v. State, 170 N.W.2d 378, 381 (Iowa 1969).

■ The trial court was justified in taking judicial notice of the Iowa Departmental Rules having to do with the approval of the breath-testing devices, and defendant's contention otherwise is without merit.

■ Defendant further argues the question of compliance with the approved testing regulations is a question of fact for the jury. We do not agree. A showing of compliance with approved testing procedures is foundationally required for the admission of breath-test results, and the ruling on the admissibility of such evidence is for the court. It is the province of the trial judge to decide all questions on the admissibility of evidence, and it was incumbent upon the defendant to lodge specific objections to enable the trial court to determine the admissibility of the test results. In his brief and argument before us here, defendant points to certain procedures employed in taking defendant's breath sample which he asserts show noncompliance with the approved testing method, but we are unable to find in the abstract of the record or the transcript of the evidence any objections made at trial. The only objection made at trial bearing upon the issue presented here was as follows:

"2. Definitive and descriptive proof of the devices and methods approved by the Commissioner of Public Safety for administering such a test, if such have in fact been approved by him, is a necessary precedent foundation to any offer of testimony by this witness as to the devices and methods which he may have employed in such a test regarding the defendant, notwithstanding the promulga-

tion by the Commissioner approved on April 20, 1972, of the Departmental Regulatory Rules pertaining to collecting breath tests for testing alcoholic content."

■ We do not regard the objection so made as sufficient to apprise the trial court of the alleged foundational deficiency. See State v. Raue, 214 N.W.2d 162, 163 (Iowa 1974); State v. Means, 211 N.W.2d 283, 287 (Iowa 1973); State v. Entsminger, 160 N.W.2d 480, 482–483 (Iowa 1968) and citations. For lack of specific objection the contention of the defendant here made is not properly before us.

■■ We perceive no merit in defendant's contention section 321B.4 of the Code is an unconstitutional delegation of legislative power to the Commissioner of Public Safety. We have said that a legislative delegation of power to administrative agencies is proper if the statute is definite in describing the subject to which the delegation is limited. See Grant v. Fritz, 201 N.W.2d 188, 193 (Iowa 1972); State v. Steenhoek, 182 N.W.2d 377, 380–381 (Iowa 1970); Lee Enterprises, Inc. v. Iowa State Tax Comm., 162 N.W.2d 730, 742 (Iowa 1968).

■ We find no merit in defendant's assertion the scientific and definitive test results unduly influenced the jury as the same is unsupported by authority or argument.

■ II. Instruction 16, the giving of which defendant asserts is error, is a verbatim recitation of the first two paragraphs of the instruction found to be reversibly erroneous in State v. Hansen, 203 N.W.2d 216, 218 (Iowa 1972). The instruction given in the instant case was:

"A statute of this State provides that if there is evidence that a person operating a motor vehicle upon a public highway, had at the time of said operation, more than ten one-hundredths of one percen-

tum by weight of alcohol in his blood, the same shall be presumptive evidence that such person was then under the influence of an alcoholic beverage.

"The rule established by the foregoing statute permits the jury to infer that the defendant was under the influence of an alcoholic beverage, if it is found by the jury that at the time defendant was driving an automobile on the public highway his blood contained more than ten one-hundredths of one percentum by weight of alcohol."

In State v. Hansen, the instruction contained an additional or third paragraph which provided:

"However, such inference is not conclusive, but is rebuttable. It may be overcome or rebutted by evidence to the contrary."

Defendant contends the giving of the instruction in this case without construing or explaining the term "presumptive evidence" was error. In *Hansen* the vice of the instruction given was determined to be in the third paragraph, which advised the jury that the results of the blood test had to be "overcome or rebutted by evidence to the contrary". We believe the deletion of the third paragraph given in *Hansen* removed the vice from the instruction and that the trial court in the matter before us did not err in the giving of instruction 16.

█ Defendant submitted three requested instructions, all of which were referable to the third paragraph in the Hansen case which was deleted from the instruction given by the trial court here. Two of the requested instructions made reference to rebuttal evidence, and for the trial court to have given them would have started the court down the same garden path traversed in *Hansen*. The third requested instruction merely would have informed the jury that the statutory inference defendant was under the influence of an alcoholic beverage, permissible on a find-

ing defendant was driving an automobile when his blood contained more than ten one-hundredths of one percentum by weight of alcohol, was not conclusive. This of course is the first sentence of that portion of the instruction found reversibly erroneous in *Hansen.*

The instruction given by the trial court is in compliance with our holding in State v. Hansen, *supra,* because it *permitted* but did not require the jury to draw any inference from the evidence. The trial court did not err in refusing to submit defendant's requested instructions.

█ III. Instruction 18, of which defendant complains, provides in part:

"Upon retiring at the close of the case your first duty is to elect a foreman. The foreman acts as chairman. It is his duty to see that discussion is carried on in an orderly and proper fashion, that the issues are fully and freely discussed, and that every juror is given an opportunity to express his views. When ballots are to be taken, he will see that it is done. He will sign the form of verdict which is in accord with your decision. He will sign any written requests made by the jury to the Court."

Defendant complains the use of the masculine pronouns "he" and "his" prejudiced the defendant by implying or subtly suggesting to the jury that it was incumbent upon the jury to select a male member as foreman.

There is no merit to this contention. In State v. Clark, 180 Iowa 477, 483, 163 N.W. 250, 253, this court said:

" * * * (B)ut the claim that this dealt unfairly with the testimony of the defendant as a witness is not so much grounded on this part of the instruction, but upon another part of the same general instruction, which is: 'You are not bound to take the testimony of any witness as absolutely true, and you should not do so if you are satisfied from all the

facts and circumstances in evidence that such witness is mistaken in any of the facts testified to by him.'

"The argument is that using the word 'him,' because it does not touch the testimony of the female prosecutrix, singles out defendant as a witness on his own behalf. This objection is utterly strained and hypercritical. The jury could not in reason so have understood it, and the statute provides: 'Words importing the masculine gender only may be extended to females.' Par. 3, section 48, Code 1897."

The fact the words "he" and "his" refer to either gender is a matter of common knowledge. The statute referred to in State v. Clark, *supra,* is the present section 4.1(3) of the Code, 1973, which provides: " * * * words of one gender include the other genders."

IV. Defendant further asserts trial court erred in overruling defendant's motion for a directed verdict. Such assignment raises the question of the sufficiency of the evidence to generate a jury question. State v. Kittelson, 164 N.W.2d 157, 161 (Iowa 1969). This court, in reviewing the sufficiency of evidence views the same and all reasonable inferences arising therefrom in the light most favorable to the State. State v. Walker, 218 N.W.2d 599, 601 (Iowa 1974); State v. Clay, 213 N.W.2d 473, 476 (Iowa 1973).

The testimony of the arresting officer that at the time of and immediately prior to the arrest the defendant was driving erratically, and thereafter had difficulty walking, was unsteady on his feet, and that there was an odor of alcohol about his person, coupled with the testimony of the chemist who conducted the analysis of the breath sample, was sufficient to justify the submission of the matter to a jury.

V. Defendant complains of the giving of instructions 13 and 14, which we find to be identical with Uniform Jury Instructions 520.3 and 520.6, respectively. Defendant contends the inclusion in such instructions of the terms "intoxicating liquor" and "operating a motor vehicle in an intoxicated condition" were confusing to the members of the jury and misinformed them.

We have said the term "under the influence of an alcoholic beverage" is synonymous with the term "in an intoxicated condition". State v. Davis, 196 N.W.2d 885, 890 (Iowa 1972); State v. Tiernan, *supra,* 206 N.W.2d at 901. We perceive no error by trial court in the giving of instructions 13 and 14.

VI. Instruction 19, which is assailed by defendant and which is general in its terms and merely informs the jury its verdict must represent the considered judgment of each member, was approved by this court in State v. Hackett, 200 N.W.2d 493, 496 (Iowa 1972). While defendant asks us to reconsider *Hackett,* we decline to do so.

VII. Defendant's remaining contention for review is that the trial court erred in overruling his motion for new trial bottomed on a claim of jury misconduct, which is based on an affidavit of a juror following trial purporting to show she was induced by her fellow jurors to find the defendant guilty.

We have repeatedly held trial courts have broad discretion in determining whether evidence of claimed jury misconduct justifies a new trial. State v. Houston, 209 N.W.2d 42, 44 (Iowa 1973); State v. Jackson, 195 N.W.2d 687 (Iowa 1972).

In State v. Brown, 253 Iowa 658, 671, 113 N.W.2d 286, 294, this court said:

"We have frequently held it is not competent to show by statements of jurors what influenced the verdict. That is a matter of opinion which inheres in the verdict. Accordingly it may not be shown in such manner, to avoid the ver-

dict, that a juror did not assent to it, misunderstood the court's instructions or the testimony, *was unduly influenced by statements of fellow jurors,* was mistaken in his calculations or judgment, or other matters resting alone in the juror's breast. These all inhere in the verdict." (Emphasis supplied.)

See also State v. Washington, 160 N.W.2d 337, 340 (Iowa 1968).

 Trial court did not err in overruling defendant's motion for a new trial.

We find no reversible error in the record and affirm the trial court.

Affirmed.