OPINION OF THE COURT
Memorandum.
Orders dated October 27, 1975, November 17, 1975 and December 11, 1975 affirmed without costs.
Order dated July 19, 1976, modified to the extent of denying class action status regarding those counterclaims based upon the Truth in Lending Act and the Retail Instalment Sales Act, and setting the matter down for a hearing in accordance with the following memorandum regarding the remainder of the counterclaims; as so modified, affirmed with $10 costs.
The issues upon this appeal involve the right of the defendant to convert her counterclaims to a class action suit and the right of other defendants similarly situated to intervene.
The orders of the court below denying the applications made to intervene in the instant proceeding and issuing a conditional protective order regarding the interrogatories did not constitute an abuse of discretion (see CPLR 602, subd [a]; Compact Electra Corp. v Belfon, NYLJ, Dec. 21, 1972, p 20, col 1; 24 ALR Fed 872 et seq.).
The counterclaims commenced pursuant to the Retail Instalment Sales Act (Personal Property Law, § 401 et seq.) and the Truth in Lending Act (US Code, tit 15, § 1601 et seq.) must be denied class action status because both statutes provide for penalties or minimum measure of recovery (CPLR 901, subd b; McLaughlin, Practice Commentaries, McKinney’s Cons Laws *809 of NY, Book 7B, CPLR 901, 1976-1977 Pocket Part, p 69). The question of class action status concerning the remaining counterclaims, should be remanded to the court below for a hearing to determine whether the prerequisites of CPLR 901 are met. (See, also, CPLR 902.) The Federal courts have defined the statutory prerequisite requirement of "questions of law or fact common to the class” as "common legal grievances” and common nucleus of operative facts (see 3B Moore’s Federal Practice, par 23.45[2]). As to the fraud question, Federal and State courts have taken divergent views as to whether oral misrepresentations are sufficient to warrant class action status (e.g., Clark v Watchie, 513 F2d 994, cert den 423 US 841; Ingenito v Bermec Corp., 376 F Supp 1154; Gatzke v Owen, 69 FRD 412; Vasquez v Superior Ct. of San Joaquin County, 4 Cal 3d 800; see, generally, 53 ALR3d 534 et seq.; 7A Wright & Miller, Federal Practice and Procedure: Civil, §§ 1781, 1782). It is our opinion that the better view would be that a mere showing of oral misrepresentation by some individual salesman would be insufficient to establish class action status. However, if defendant could establish a common course of conduct by the salesmen pursuant to training or "canned” techniques taught by plaintiff corporation, that would be a "common strand of misrepresentation” running through all the sales sufficient to warrant the granting of class action status (see Green v Wolf Corp., 406 F2d 291, cert den 395 US 977; Feldman v Lifton, 64 FRD 539; Vasquez v Superior Ct. of San Joaquin County, 4 Cal 3d 800, supra). The injunctions and consent decrees obtained against plaintiff corporation in other actions would be highly relevant to this issue. The court below, at the hearing, can determine exactly what type of information it would need to make the determination. In doing so, it can limit or expand the informtion it needs as it sees fit.
Broad discretion is given the court below to determine not only whether class action status should be granted, but also whether the interest of the class will be adequately represented by the class representative (7 Wright & Miller, Federal Practice and Procedure, § 1759). If the representation is inadequate, the court may dismiss, may allow it to proceed as an action solely for the benefit of defendant, may order a subclass or may order that the representative group be augmented by other members to adequately protect the class (7 Wright & Miller, Federal Practice and Procedure, § 1765; McLaughlin, *810 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 901, 1976-1977 Pocket Part, p 69).
The only prerequisite which creates an additional problem is that of typicality. The determination of whether defendant’s action is barred by the Statute of Limitations is not in reality a determination on the merits. It is simply a determination of whether defendant is an adequate representative (Williams v Sinclair, 529 F2d 1383, 1388; see, also, 3B Moore’s Federal Practice, par 23.45[2], sup 96, par 23.50, sup 122). Upon the hearing, the court should consider adding a party or parties who could better represent the class, if it finds defendant’s action time-barred.
It is important to note that the merits of the claim should have no bearing on the court’s determination of whether to permit class action certification (Eisen v Carlisle & Jacquelin, 417 US 156, 177-178; but, see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 902, 1976-1977 Pocket Part, p 76).
Concur: Pino, P. J., Rinaldi and Weinstein, JJ.
(On reargument April 18, 1977)
Motion for reargument is granted and on reargument, the order of the Appellate Term dated January 31, 1977 is modified to the extent of: (1) deleting the affirmance of the December 11, 1975 order; (2) remanding the matter to the court below for a hearing to include the counterclaims commenced pursuant to the Retail Instalment Sales Act and the Truth in Lending Act so that class action status can be determined as to those statutes; and (3) denying that branch of the motion alternatively seeking leave to appeal to the Appellate Division.