■ AUSTIN BROWNRIGG, Respondent, v JOHNS MANVILLE, INC., Defendant, and AMERICAN STANDARD, INC., Appellant. — In a personal injury action, defendant American Standard, Inc. appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated June 13, 1980, which denied a motion to dismiss the action for failure to serve a timely complaint. Appeal dismissed, without costs or disbursements. Michael Cook, Esq., designated as attorney for The Singer Company, a nonparty to this action, made a motion on behalf of said nonparty to dismiss the action pursuant to CPLR 3012 upon the ground that plaintiff had failed to serve his complaint within the time provided by that statute. In his affidavit in support of the motion, Mr. Cook stated that the movant, The Singer Company, was the successor in interest to defendant American Standard, Inc. However, The Singer Company has not been substituted for the defendant American Standard, Inc., or added as a party to this action. That being so, The Singer Company had no standing to make the motion to dismiss plaintiff's complaint. After the motion had been denied, Michael Cook, Esq., filed a notice of appeal which stated that the defendant, American Standard, Inc., was appealing from the order denying the motion. Since defendant, American Standard, Inc., did not make any such motion, the notice of appeal must be treated as a nullity and the appeal must be dismissed. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.