■ In the Matter of MALE INFANT B. In the Matter of FEMALE INFANT H. STANLEY B. MICHELMAN, Appellant. — In two adoption proceedings, the

attorney for the adoptive parents in each of those proceedings appeals, as limited by his brief, from so much of two orders of the Family Court, Westchester County (Donovan, J.), each dated June 16, 1982, as set the maximum amount of his legal fee in each of those proceedings at $500. Orders reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the provisions setting appellant's legal fee are deleted and the matter is remitted to the Family Court, Westchester County, for a hearing in accordance herewith. Notice of the hearing shall be given by the Family Court to the adoptive parents and all other parties necessary for a proper determination of the issues. In connection with each of these private placement adoption proceedings, appellant received a $3,000 fee for legal services rendered. His fee was originally set by an oral retainer agreement and the adoptive parents paid the fees without voicing any apparent objection. Appellant prepared numerous affidavits including those required by subdivision 7 of section 115 of the Domestic Relations Law describing, *inter alia,* the fees charged and the nature of the legal services provided (see, also, 22 NYCRR 691.23). The Family Court gave final approval for the adoptions but, *sua sponte,* reduced appellant's legal fees to no more than $500 in each of the proceedings, and directed him to return the excess amounts to the adoptive parents. Appellant contends that the Family Court lacks authority to modify the terms of retainer agreements absent evidence of fraud, illegality, or overreaching. Alternatively, appellant claims that he is entitled to a hearing regarding the reasonableness of the fees charged. Before addressing the merits of appellant's contentions, we note that he is expressly bound by the final orders of adoption and is clearly aggrieved. In our view, he has standing to prosecute this appeal pursuant to CPLR 5511 (see *Hobart v Hobart,* 86 NY 636; *People v Dobbs Ferry Med. Pavillion,* 40 AD2d 324, affd 33 NY2d 584). This is not a case where appellant's status is dependent on the right of a person to be substituted for a party (see Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5511, pp 106-107). We do not share the concern voiced in the dissent by our learned colleague regarding the absence of an advocate to represent the court's position. We recognize the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent and statutory power to regulate the practice of law (*Matter of First Nat. Bank v Brower,* 42 NY2d 471, 474; see *Gair v Peck,* 6 NY2d 97). An attorney representing prospective adoptive parents is entitled to the reasonable and actual fees charged for consultation and legal advice, preparation of papers and representation, and other legal services rendered in connection with an adoption proceeding, but no person, including an attorney, may receive compensation for the "placing out or adoption of a child" (Social Services Law, § 374, subd 6). To insure compliance with the Social Services Law, an attorney must submit an affidavit describing, *inter alia,* all fees, compensation and other remuneration received by him on account of or incidental to the placement or adoption of the child or assistance in arrangements for such placement or adoption (Domestic Relations Law, § 115, subd 7; 22 NYCRR 691.23). There is no question that the court has authority, in a private placement adoption proceeding, both to scrutinize the amount charged for legal fees and to reduce a fee that exceeds the reasonable value of the legal services rendered. Since the court's jurisdiction is unassailable in the case at bar, we note, contrary to the position taken in the dissent, that appellant would be barred from seeking extraordinary relief pursuant to CPLR article 78 (see *Matter of Morgenthau v Erlbaum,* 59 NY2d 143; *Matter of Dondi v Jones,* 40 NY2d 8; *Matter of State of New York v King,* 36 NY2d 59). However, on the record before us, we cannot determine the reasonable value of the legal services rendered in connection with these proceedings. Accordingly, we remit the matter for a hearing with

proper notice to all parties where the Family Court should elicit the type of information suggested by Surrogate MIDONICK in *Matter of Anonymous (G.)* (89 Misc 2d 514, 517-518). Mollen, P. J., Weinstein and Rubin, JJ., concur.

Titone, J., dissents and votes to dismiss the appeal, with the following memorandum: Appellant, an attorney representing petitioners in two private placement adoption proceedings, purports to appeal from the orders approving the adoptions to the extent that they reduced his fee. The fees had been fixed by retainer agreements and his clients do not appear to have any objection to paying them. He claims, therefore, that the Family Court Judge lacked authority to direct the reduction. There is no adversary on this appeal. As he puts it in his CPLR 5531 statement, "This is a unilateral one party Appeal." In my view, the appeal must be dismissed. Prior to the enactment of the CPLR, the question of whether an attorney could appeal an order affecting his fee was unsettled (see *Matter of Hotel St. George Corp.,* 277 App Div 1125; *Tchlenoff v Huntervan Realty Corp.,* 267 App Div 884; *Lounden v Lounden,* 65 How Prac 411; Ann., 16 ALR 1162; Note, Non-Parties' Right of Appeal in Civil Actions, 48 Col L Rev 1233). CPLR 5511, however, quite plainly provides that only "[a]n aggrieved *party* or a person substituted for him may appeal" (emphasis supplied). And the revisers' notes make it "apparent that the right to appeal of a person other than a party depends solely upon whether he has the right to be substituted and has in fact been substituted for a party" (Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5511, p 106). The cases seem to follow this distinction (see, e.g., *Brownrigg v Johns Manville, Inc.,* 88 AD2d 608; *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591; *Matter of Fisher v Schenck,* 39 AD2d 813; *Dana v Dana,* 26 AD2d 631; cf. *Tchlenoff v Huntervan Realty Corp., supra* [pre-CPLR; attorney not a "person aggrieved" so as to be entitled to appeal from order dismissing judgment creditor's action]). Distinguishable, of course, are instances in which the attorney is made a party to the proceedings for the purpose of fixing a fee (see, e.g., SCPA 2110). The issue is more than a mere question of procedure. Rather, it goes to the very heart of the adversary system. Appellant complains of a lack of power in the Family Court. Yet, that power is being questioned in the absence of an advocate for the Judge's position. This does not leave appellant without a remedy. A lack of power may be challenged in a proceeding pursuant to CPLR article 78 (see *La Rocca v Lane,* 37 NY2d 575, 579), and, in fact, this has been the procedural vehicle utilized in similar instances (e.g., *Matter of First Nat. Bank v Brower,* 42 NY2d 471; *Gair v Peck,* 6 NY2d 97; cf. *Matter of Werfel v Agresta,* 36 NY2d 624). That method, at least, would produce an adversary in the person of the Attorney-General.