LINCOLN PLAZA ASSOCIATES, Respondent, v GAIL ANDREWS et al., Appellants.

Supreme Court, Appellate Term, First Department, February 1, 1989

208

APPEARANCES OF COUNSEL

*Walter S. Jennings & Associates, P. C. (Robert Grimble* of counsel), for appellants.

## OPINION OF THE COURT

Per Curiam.

■ ■ Order entered February 23, 1987 is modified by reversing so much thereof as (1) provides that attorney's fees would be awarded pursuant to CPLR article 9, and (2) provides that if a sum landlord agreed to pay to tenants' attorney were paid instead directly to the tenants, the settlement agreement between the parties would be approved in its entirety, and, as so modified, is affirmed, without costs; tenants' attorney is directed to forthwith move for a hearing, on notice to the landlord and to all members of the tenants' association, for the purpose of fixing landlord's obligation under paragraph 10 of the settlement agreement at the reasonable value of the legal services rendered to the tenants, up to a maximum of $100,000.

These 11 nonpayment proceedings constitute only some of a number of judicial and administrative proceedings between the landlord of premises 140 West 69th Street, New York, N. Y., and various tenants of the premises. The other proceedings include a CPLR article 78 proceeding brought by various tenants attacking plans filed by the landlord (with the New York State Department of Law) to convert the premises to cooperative ownership, harassment proceedings initiated by various tenants before the New York City Department of Housing Preservation and Development, and reclassification proceedings, also initiated by various tenants before the Department of Housing and Community Renewal. All of the judicial and administrative proceedings between the parties, including these 11 nonpayment proceedings, were resolved by a June 1986 settlement agreement. The settlement agreement was signed by the tenants' attorney and two tenants, identified only as "tenant leaders" and was submitted to the Civil Court in the 11 nonpayment proceedings for the purpose of securing both the Civil Court's imprimatur and the discontinuance of the nonpayment proceedings. Paragraph 10 of the settlement agreement provides as follows: "Upon execution by all the parties hereto, provided all of the payments to Owner have been made and the Sixth Amendment [of the Cooperative Offering Plan] is accepted for filing [by the New York

State Department of Law] Owner shall pay to * * * [tenants' attorney] as counsel fees for his representation of the Tenants in all of the foregoing matters and all his expenses and disbursements incurred on their behalf *as set forth in a Separate Letter Agreement* which the parties hereto consent to" (emphasis added).

The motion court approved all provisions of the settlement agreement except the attorney's fee provision. As to that provision, the court directed further proceedings to assess appropriate attorney's fees pursuant to CPLR article 9, which governs class actions. The court provided, however, that if the amount otherwise payable by the landlord to the tenants' attorney were paid instead to the tenants—in contemplation of the tenants thereafter negotiating directly with their attorney as to the amount of his fee—the court would then approve the settlement agreement in its entirety.

■ ■ On appeal tenant's attorney argues that the Civil Court exceeded its jurisdiction in converting these nonpayment proceedings to class actions, that the legal fees payable under the attorney's fee provision were not excessive and that the court should not have decided the subject order without a hearing. Although class actions are not foreign to courts of limited jurisdiction *(Compact Electra Corp. v Paul,* 93 Misc 2d 807; *cf., Giummo v Citibank,* 107 Misc 2d 895), the class action model utilized by the Civil Court jurisdiction is not appropriate in regard to the proceedings at bar. These proceedings do not fulfill the class action requisites of CPLR 901, a court may not grant class action status *sua sponte (O'Hara v Del Bello,* 47 NY2d 363; *Shaid v Consolidated Edison Co.,* 95 AD2d 610; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 902.02), and landlord's obligation to pay attorney's fees, such as it is, does not arise from any class action formulation, but from written agreements between known parties *(cf.,* CPLR 909). We hold, however, that the Civil Court possessed inherent authority to direct further proceedings—on notice to all members of the tenants' association—for the purpose of assessing the propriety and reasonableness of the fee arrangement that had been negotiated as part of the over-all settlement *(Matter of Male Infant B.,* 96 AD2d 1055; *Matter of Kelly,* 23 NY2d 368; *cf., Logan v Logan,* 97 Ind App 209, 180 NE 32; Annotation, 17 ALR3d 835; Annotation, 52 ALR2d 1243). That the settlement agreement embraced proceedings other than the 11 summary proceedings pending before the Civil Court did not to our view impair the inherent jurisdiction of the Civil Court to assess

the propriety and reasonableness of the attorney's fee provision of that agreement.

■ In ordering such further proceedings, the motion court took judicial notice of, and criticized, what it characterized as a widespread practice among attorneys: representing rental tenants in disputes with landlords over cooperative and condominium offerings, while looking to those very same landlords for what amounts to a premium or bonus if their clients ultimately approved the conversion of the premises to cooperative or condominium ownership. We do not take judicial notice of that ostensibly widespread practice because, quite simply, we are of the opinion that it is not sufficiently widely known and accepted as to warrant judicial notice *(City of Rochester v Macauley-Fien Milling Co.,* 199 NY 207; *Hutchinson v Manhattan Co.,* 150 NY 250, 257; *Town of N. Hempstead v Gregory,* 53 App Div 350; *cf., Hunt v Johnson,* 44 NY 27, 40; Richardson, Evidence § 9 *et seq.* [Prince 10th ed]). The practice of attorneys either receiving or exacting premiums or bonuses from landlords if their clients agree to a cooperative or condominium conversion is hardly common knowledge among the clients themselves, much less the general public *(cf., Ansorge v Belfer,* 248 NY 145, 150). Nonetheless, because we view seriously the Civil Court's condemnation, in its thoughtful opinion, of such a practice and because we recognize a potential for abuse in this area, we are forwarding a copy of both our opinion and the Civil Court opinion to the Committee on Professional Ethics of the New York State Bar for its consideration and for such further action as it deems appropriate.

■ In this appeal, since we do not take judicial notice of the purported practice of attorneys securing bonuses from landlords if their clients agree to a cooperative or condominium conversion, we confine ourselves to consideration of the facts actually revealed in the record on appeal. Based upon those facts we conclude that the court of original jurisdiction neither exceeded its jurisdiction nor abused its discretion in ordering further proceedings to assess the propriety and reasonableness of the attorney's fee provision of the settlement agreement between the parties. Not only were the particulars of the fee arrangement contained in a letter agreement (separate from the settlement agreement) which has never seen the light of day in these proceedings; but in that letter agreement tenants' attorney, at least according to his own account, contracted with the landlord that he would not represent the

tenants in any future matters. Such an agreement by an attorney with an adversary bearing so intrusively upon the attorney-client relationship, particularly with an adversary who simultaneously agrees to make payments inuring directly or indirectly to the attorney's benefit is clearly unsettling (Code of Professional Responsibility EC 5-1, 5-22). Further, the tenants' attorney has provided only a sketchy outline of the services rendered, and the true nature, scope and the value of those services remain unknown. Finally, although the Civil Court in a prior order of August 4, 1986 had called for an order to be settled providing for notice to the tenants, including a full explanation of the fee arrangement, a copy of the fee agreement, and a copy of the order of August 4, 1986, tenant's attorney neither settled such order nor provided the tenants with the information directed by the court.

According to tenants' attorney, the attorney's fee provision of the settlement agreement is a simple agreement by the landlord to pay tenants' attorney the sum of $100,000, representing the reasonable value of the legal services which he ostensibly provided to the tenants in the proceedings resolved by the settlement agreement. Such an agreement, however, is not binding upon the court, which may independently consider both the propriety and the reasonable value of the legal services rendered (7 Am Jur 2d, Attorneys at Law, § 249). The court is entitled to satisfy itself that an attorney has not, under the guise of securing for his clients reimbursement of their attorney's fees, negotiated for himself an agreement by which he directly and personally benefits from payments made by an adversary in an amount in excess of the reasonable value of the legal services rendered to his clients. Moreover, the court is at all times entitled to scrutinize agreements to pay or to reimburse another for attorney's fees so as to assure itself that the integrity of the legal representation has not been compromised (7 Am Jur 2d, Attorneys at Law, § 245 *et seq.;* Code of Professional Responsibility EC 5-1, 5-22). Manifestly, to permit an attorney to accept a direct, or even an indirect, personal benefit from his clients' adversary without at least the assurance of full and complete disclosure, can only lead to either the actual compromise and subversion of the attorney-client relationship, or the appearance of such, and neither may be countenanced *(cf.,* Code of Professional Responsibility DR 5-107, requiring full disclosure if an attorney accepts compensation, or anything of value related to his representation, from one other than his client).

■ We are of the opinion that tenants' attorney, irrespective of the actual terms of the fee provision, is only entitled to receive what the court of original jurisdiction determines is the reasonable value of the legal services provided to the tenants, up to the maximum amount of $100,000. Should the court of original jurisdiction ultimately conclude that the reasonable value of those services is less than $100,000, we perceive no obligation on the part of the landlord under the attorney's fee provision (para 10 of the settlement agreement) to pay to the tenants' association the difference between the sum representing the value of those services and the maximum amount of $100,000. The attorney's fee provision does not obligate the landlord to pay such difference to the tenants, and there is no basis in this record upon which the court may so reform the settlement agreement in favor of the tenants. For this reason we do not believe the issues raised in this matter can be obviated by the expedient of having the sum the landlord had agreed to pay to tenants' attorney paid instead directly to the tenants, in contemplation of their thereafter negotiating with their attorney as to the amount of his fee.

Finally, that the tenants did not object to their attorney's request for approval by the Civil Court of the fee provision is not determinative of the issues raised here. The tenants had no independent representation and the Civil Court was entitled to take such measures as it deemed appropriate to insure that their interests were protected.

Accordingly, the further proceedings directed by the court of original jurisdiction shall proceed forthwith upon notice to the landlord and all of the members of the tenants' association; however, the court shall not undertake to award attorney's fees pursuant to CPLR article 9, but shall confine its inquiry concerning paragraph 10 of the settlement agreement to determining, on the basis of the reasonable value of the legal services rendered to the tenants, the amount, up to a maximum of $100,000, payable by the landlord to the tenant's attorney.

SANDIFER, J. P., PARNESS and OSTRAU, JJ., concur.