■ In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 1.) In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 2.) In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 3.) In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 4.)—In four uncontested private placement adoption proceedings pursuant to NY Constitution, article VI, § 12 (d) and Domestic Relations Law article 7, Stanley Michelman, the attorney for the adoptive parents, appeals from four orders of the Surrogate's Court, Westchester County (Brewster, S.), all dated December 21, 1989, one in each proceeding, in which the court, *sua sponte,* and without a hearing, reduced his attorney's fees.

Ordered that the orders are reversed, as a matter of discretion, without costs or disbursements, and the appellant's legal fees in the amount of $3,000 per proceeding are reinstated.

It is axiomatic that the courts possess the power to regulate the practice of law, including the authority to supervise the charging of legal fees *(see, Gair v Peck,* 6 NY2d 97, *cert denied* 361 US 374; *Matter of First Natl. Bank v Brower,* 42 NY2d 471; *Matter of Male Infant B.,* 96 AD2d 1055; *Matter of Female Infant H.,* 96 AD2d 1055). Moreover, "[t]here is no question that the court has authority, in a private placement adoption proceeding, both to scrutinize the amount charged for legal fees and to reduce a fee that exceeds the reasonable value of the legal services rendered" *(Matter of Male Infant B., supra,* at 1056).

However, in the instant matters, we conclude that the court improvidently exercised its discretion in reducing the fees charged. "In general the court, in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" *(Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593; *Matter of Schmidt,* 134 AD2d 432). Also to be considered are factors such as the customary fees charged by the bar in the geographical area for similar services *(see, Matter of Lanyi,* 147 AD2d 644, 647). In the instant matters, detailed "Time Preparation and Record Keeping" sheets carefully document the precise tasks performed by counsel on behalf of his clients, the adoptive parents, enabling this court to conclude that his fee of $3,000 per adoption was not excessive, in view of the services rendered, the results

achieved, the standing of counsel, and the customary fees charged in the legal community for comparable services. Because the record supports the fees charged by counsel, no hearing is required to determine the reasonable value of his legal services (cf., *Matter of Male Infant B., supra,* at 1056-1057). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.