■ In the Matter of BABY GIRL. MICHAEL S. GOLDSTEIN, Nonparty Appellant.—In an uncontested private placement adoption proceeding pursuant to Domestic Relations Law article 7, nonparty Michael S. Goldstein appeals from (1) an order of the Surrogate's Court, Westchester County (Brewster, S.), dated December 5, 1990, which, without a hearing, *sua sponte* reduced his agreed-upon counsel fees to only $1,500 and referred the matter of his dual representation of the adoptive parents and the birth mother to the Ninth Judicial District Grievance Committee for appropriate action, and (2) a decision of the same court (Emanuelli, S.), dated March 29, 1991.

■ In the Matter of BABY GIRL. ANDREA D. et al., Respondents; MICHAEL S. GOLDSTEIN et al., Nonparty Appellants.—In a private placement adoption proceeding pursuant to Domestic Relations Law article 7, (1) nonparty Michael S. Goldstein appeals from an order of the Family Court, Putnam County (Sweeny, J.), dated February 1, 1990, which, without a hearing, *sua sponte* reduced his agreed-upon counsel fees to only $2,000, and (2) nonparty George David Rosenbaum appeals from an order of the same court, dated April 2, 1990, which, upon reargument, vacated a prior order of the same court dated February 1, 1990, and awarded him counsel fees of only $7,000.

Ordered that on the court's own motion, the notice of appeal from the order dated February 1, 1990, is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the orders are affirmed, with costs.

While no appeal lies as of right from a *sua sponte* order which does not determine a motion made on notice *(see,* CPLR 5701 [a] [2] [c]; *Kokalari v Kokalari,* 166 AD2d 418), the notice of appeal from the order dated February 1, 1990, has been treated as an application for leave to appeal and leave has been granted.

The respective appellants, attorneys who performed certain legal work in connection with this private placement adoption proceeding, contend that the Family Court committed error in reducing their counsel fees. We disagree.

It is well settled that the courts possess the authority to supervise the charging of legal fees as part of their power to regulate the practice of law *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471; *Gair v Peck,* 6 NY2d 97; *Matter of Male Infant B.,* 96 AD2d 1055). Based upon our review of the documentary evidence of the legal services rendered, the results achieved in this proceeding, the standing of counsel, and the customary fees charged in the legal community for comparable services, we find that the Family Court's determination with respect to the fees in this proceeding did not constitute an improvident exercise of discretion *(see, Matter of Lanyi,* 147 AD2d 644; *see generally, Matter of Schmidt,* 134 AD2d 432; *Matter of Potts,* 213 App Div 59, *affd* 241 NY 593). Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.